## CURTIS, ADMINISTRATOR *v.* SUTTER *et als.*

SECTION two hundred and fifty-four of the Practice Act, enlarges the class of cases in which equitable relief could formerly be sought in quieting title.    It authorizes the interposition of equity in cases where previously bills of peace would not lie.

Under this section, a party in possession of real property may bring a bill in equity to quiet title against a party out of possession, who claims an estate or interest adverse to him, without waiting until he has been disturbed in his possession by legal proceedings against him, in which his title has been successfully maintained.

In such suit, the Court sitting in equity may direct, when proper, an issue to be framed upon the pleadings and submitted to a jury, if questions of a purely legal character in relation to the title arise.

Upon the verdict, if a new trial be not granted, the Court can act, by dismissing the bill, or by adjudging the adverse estate or interest claimed to be invalid, and awarding a perpetual injunction against its assertion to the property in question.

Where in such suit an injunction was granted on the complaint, restraining defendants from surveying or selling the premises pending suit, it was dissolved, on filing an answer setting up paramount title in defendants; *Held*, that the injunction was properly dissolved, because the validity of defendants' title should be judicially determined before its assertion be enjoined.

*Pixley* v. *Huggins et al. (ante)* as to what constitutes cloud of title, cited and approved.

Suit under section two hundred and fifty-four of the Practice Act, only lies with reference to property of which the plaintiff is in possession; and where suit is brought, under that section, to quiet title to a ranch, and plaintiff is in possession of a portion only, the suit must be considered as brought to determine the title to that portion, and no injunction lies to restrain parties who are entire strangers to the title from selling that portion, as their conveyances would not cloud plaintiff's title.    And if the grantees under such conveyances should invade the possession of plaintiff, or unlawfully detain the same, the remedy at law is ample.

As to that portion of the ranch occupied by settlers, such suit has nothing to do.

If they are trespassers, ejectment lies, with an injunction to restrain waste pending suit.

In this State all property of the deceased, real and personal, remains in the possession of the administrator until administration of the estate is had, or a decree of distribution is made by the Probate Court. The administrator, until then, is the proper party plaintiff in a suit to quiet title to the estate.

APPEAL from the Seventh District.

*Shattuck, Spencer & Reichert,* for Appellant.

1. The suit is rightly brought in the name of the administrator. (Pr. Act, secs. 6, 254; Wood's Dig. 311, secs. 195, 196.)  2. The Russian Fur Co., once being in possession of the premises in dispute, and having sold their fixtures and occupancy to defendant, Sutter, who sold to plaintiffs intestate, after his grant from the Mexican government, defendants have a semblance of prior possession, and that, to the extent of title by possession, both parties claim from the same source, and hence a deed from them would cloud plaintiffs' title, and an injunction lies. It also lies to prevent the multitude of suits which must ensue if defendants are permitted to survey and sell the land to the settlers already in possession of a portion of the rancho, and to restrain the continuous trespasses thereby committed. The injury is irreparable. (*Merced Mining Co.* v. *Fremont,* 7 Cal. 310; *Henshaw* v. *Clark et al.* 14 Id.)  3. The averment of possession is sufficient, but such averment is unnecessary to obtain an injunction in this action. (Pr. Act, secs. 111, 112, 254; *Smith* v. *Morse,* 2 Cal. 524; *Shattuck* v. *Carson,* Id. 588; *Guy* v. *Hermance,* 5 Id. 73; *Alverson* v. *Jones,* 10 Id. 9; *Palmer* v. *Boling,* 8 Id. 388.)

*J. C. Zabriskie and Geo. R. Moore,* for Respondents.

1. The averment in the complaint that plaintiff is in possession of a large portion of the land, negatives his possession of the whole, and he does not designate the portion of which he claims possession. He must aver possession. (Wood's Digest, 201, sec. 254.) Even if the action can be maintained without averring possession, still injunction will not lie without such averment. (2 Eden, 231 and notes; 7 Johns. Ch. 315; 1 Howard Miss. 108; *Ritchie* v. *Dorland,* 6 Cal. 33.)

2. Where the right of plaintiff is contested and doubtful, no injunction lies. (1 Barb. Ch. Pr. 618; 3 Chitty's Eq. Dig. 22, 89.) Nor where the equities of the bill are denied in the answer. (*Gardner* v.

*Perkins,* 9 Cal. 553 ; *Baker* v. *Scannell,* 13 Id.; *Burnett* v. *Whitesides,* Id.)    3. If the defendants' claim be worthless, as alleged, conveyances by them cannot injure plaintiff.   Besides, a notice of *lis pendens* has been filed, and purchasers from defendants will take with notice.   Nor does plaintiff aver insolvency of defendants.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The plaintiff is the administrator, with the will annexed, of the estate of Stephen Smith, deceased, and brings the present action to determine an interest, which the defendants claim adversely, in certain real property, alleged to constitute a part of that estate situated in the county of Sonoma, and known as the Bodega Rancho.   The complaint alleges, in substance, that Smith was at the time of his death the owner in fee of the premises, and was then, and for twelve years previously had been, in the peaceful and undisturbed possession of the same, under a grant from the Mexican Government; that his widow and heirs are seized of the fee therein, and have a patent for the land from the United States ; that the plaintiff, as administrator, is in possession of a large portion of the premises, and is entitled to the possession of the entire tract : that the defendants claim an interest in the premises adversely founded upon an instrument from the Russian American Company, executed to John A. Sutter, about the year 1842 ; and charges that the land was never owned by that company, but that in 1842, and for twenty years previously, it belonged to the Mexican nation, and that the company never pretended to have any right and ownership therein; that the defendants are offering the premises for sale, and to effectuate sales with facility, are surveying the tract into quarter sections and making maps of the same ; that though deeds from the defendants would not convey any title, they would operate to cast a cloud upon the title of the plaintiff; that there are upon a portion of the tract fifty or more settlers without title, whom the defendants are encouraging to purchase, and, unless restrained, conveyances will be made by the defendants to a great many persons, which will render necessary the institution of numerous suits to remove clouds thus cast upon the property.   The complaint concludes with a prayer that the defendants be required to produce their deed or title to the premises, and that the same may be declared null, and of no effect, and that the defendants, pending the suit, may be enjoined from further proceeding to survey, map or sell the premises, or any part thereof, and for general relief.

The answer meets very fully the several allegations of the complaint. It denies the title of the testator, and sets up paramount title in the defendants, derived by cession from Spain to the Russian American Fur Company in 1812, and the subsequent transfer of that company to Sutter in December, 1841. It admits that the defendants claim adversely the property, and are proceeding to survey and sell the same, and justifies their conduct in this respect as possessors of the true title to the premises.

Upon filing the answer, the injunction issued upon the complaint was dissolved, and it is from the order of dissolution that the appeal is taken.

This suit is founded upon the statute which provides that, " an action may be brought by any person in possession by himself, or his tenant, of real property against any person who claims an estate or interest therein adverse to him for the purpose of determining such adverse claim, estate or interest." (Prac. Act, sec. 254.) This statute enlarges the class of cases in which equitable relief could formerly be sought in the quieting of title. It authorizes the interposition of equity in cases where previously bills of peace would not lie. Such bills were of two classes. Those of one class lay where the right which the plaintiff asserted, was controverted by numerous persons, holding distinct and separate interests depending upon a common source. A right of fishery asserted by one party, and controverted by numerous riparian proprietors on the river, and a right to tithes claimed by a parson and controverted by his parishioners, are instances cited by Story where a bill of this nature would lie. Bills of the other class lay where the plaintiff was in possession of real property, and his possession had been disturbed by legal proceedings, in which his title had been successfully maintained. To the prosecution of bills of this latter class, the concurrence of three particulars was essential — the possession in the plaintiff, the disturbance of that possession by legal proceedings on the part of the defendant, and the establishment of the right of the plaintiff by judgment in his favor in such proceedings. (Sheply v. Rangely, Davies' R. of the U. S. Circuit Court for Maine, 249.) The necessity of bills of this class naturally arose from the nature of the action of ejectment, which being founded on a fictitious demise between fictitious parties, a recovery therein constituted no bar to another action. Thus the successful party might, by repeated actions, be subjected to vexatious and harrassing litigation, and to procure repose,

Curtis *v.* Sutter.

Courts of Equity interposed and finally terminated the controversy. It was in this way, only, that adequate relief could be administered. (*Devonsheer* v. *Newenham*, 2 Sch. & Lef. 208; *Welby* v. *The Duke of Rutland*, 6 Bro. Parl. Cas. 575.)   Under the statute of this State it is unnecessary for the plaintiff to delay seeking the equitable interposition of the Court, until he has been disturbed in his possession, by the institution of a suit against him, and until judgment in such suit has passed in his favor.   It is sufficient if, whilst in the possession of the property, a party out of possession claim an estate or interest adverse to him.   He can immediately, upon knowledge of the assertion of such claim, require the nature and character of the adverse estate or interest to be produced, exposed and judicially determined, and the question of title be thus forever quieted.   It does not follow from the fact that the suit is brought in equity, that the determination of questions purely of a legal character in relation to the title, will necessarily be withdrawn from the ordinary cognizance of a Court of Law.   The Court sitting in equity may direct, whenever in its judgment it may become proper, an issue to be framed upon the pleadings and submitted to the jury.   Upon the verdict of the jury, if a new trial be not granted, the Court will then act, by either dismissing the bill, or by adjudging the adverse estate or interest claimed to be invalid, and of no effect, and awarding a perpetual injunction against its assertion to the property in question.   There is no difficulty in so conducting a suit, under the statute, as to fully protect the legal rights of the parties, and at the same time to secure the beneficial result afforded by a Court of Equity in bills of peace—which is, repose from further litigation.   Indeed, the remedy under the statute is eminently simple, direct and efficacious for this purpose.   (*Merced Mining Co.* v. *Fremont*, 7 Cal. 319.)

The preliminary injunction issued in the present case, upon the filing of the complaint, was properly dissolved.   The answer sets up paramount title in the defendants, and the validity of that title should be judicially determined, before its assertion be enjoined.   Nor do we perceive in what respect the plaintiff can be prejudiced in his rights by the dissolution.   It was stated, on the argument, that a notice of the pendency of the action had been filed in the office of the Recorder of Sonoma county.   If this were otherwise, it could be now filed. Such notice will bind subsequent purchasers from the defendants, who can only take subject to the decree which may be rendered in the action.   If the plaintiff succeed, it must be on the ground, that no

title passed from Spain to the Russian Fur Company, or from the company to Sutter; and in that event, conveyances from the defendants would not cast any cloud upon the plaintiff's title. They would be like any other conveyances from strangers to the title, and be of no more effect than so much waste paper. The plaintiff would not be required, in any actions of ejectment, brought by the grantees upon such conveyances, to offer any rebutting proof. As they could not trace their title back to any legitimate source, they would necessarily fail. (See *Pixley* v. *Huggins et al.*, decided at the present term.)

Again, the plaintiff is in possession of only a portion of the Bodega Rancho, and the present suit must be considered as brought to determine the title to that portion. The suit, by the statute, only lies with reference to property of which the plaintiff is in possession. It is true, the title to the whole property will be the subject of adjudication, but this follows only because the plaintiff claims the entire tract—that in, and that out of possession—from the same source. As to that portion of which the plaintiff retains possession, he can require no injunction for his protection. Conveyances of that portion by the defendants, if they are in fact strangers to the title, would not, as we have seen, cast any cloud upon the title of the plaintiff; and if the grantees therein should invade by force the possession of the plaintiff, or if, having entered upon the possession, they should unlawfully detain the same, there will be found ample and speedy remedy at law. With that portion of the rancho which is occupied by the settlers, the bill cannot be considered as having anything to do. If they are trespassers, the plaintiff must bring his action of ejectment against them. They can all be included in one suit, and may be enjoined, during its pendency, from committing waste. (*Winans et al.* v. *Christy et al.* 4 Cal. 70; *Natoma Water and Mining Co.* v. *Clarkin et al.* 14 Cal.)

The objection, that the suit is improperly brought in the name of the administrator, is untenable. By the law of this State, all property of the deceased—real and personal—remains in the possession of the administrator until administration of the estate is had, or a decree of distribution is made by the Probate Court. The suit is rightly brought in his name, and is prosecuted for the benefit of the estate.

Order affirmed.

The original injunction was granted July 26th, 1859, *ex parte*, on the complaint, and was dissolved on the coming in of the answer, Oct.

Curtis v. Sutter.

26th, 1859. The appeal from this order, taken Nov. 11th, 1859, is the subject matter of the foregoing opinion. The Court below, in the order dissolving the injunction, authorized an amended complaint to be filed, and a fresh application for injunction to be made, upon ten days notice to defendants ; and in the mean time restrained defendants, until the motion for the second injunction could be determined. This second motion was made on the amended complaint, and an injunction granted Dec. 5th, 1859—the decision of the Supreme Court not being rendered until March, 1860. No appeal was taken from the order, granting this second injunction. But subsequently, after the decision of this Court, defendants moved the Court below to dissolve it, which motion that Court refused, on the ground that, having been granted on notice, it was beyond the power of the Court to dissolve it—according to the decision in *Natoma Water and Mining Co.* v. *Clarkin*, (14 Cal.)—the Court admitting, that it would not have been granted had the decision of the Supreme Court on the first appeal been known. From the order, refusing to dissolve this second injunction, this appeal is taken.

*J. C. Zabriskie and L. Sanders, Jr.*, for Appellants.

*Jackson Temple*, for Respondent.

The injunction was granted on due notice, and this appeal should have been taken from the order granting the injunction, and not from the order refusing to dissolve it.

*Shattuck, Spencer & Reichert*, also for Respondent, cited *Natoma Water and Mining Co.* v. *Clarkin*, (14 Cal).

COPE, J. at the July term, 1860, delivered the opinion of the Court— BALDWIN, J. concurring.

This is an appeal from an order, refusing to dissolve a temporary injunction. The injunction was granted upon an order to show cause, and the Court, therefore, properly refused to dissolve it. If it were granted upon insufficient grounds, the remedy was by appeal. This we have held in several cases.

Order affirmed.