## RICO *et al. v.* SPENCE *et al.*

To maintain an action to quiet title, under the two hundred and fifty-fourth section of the Civil Practice Act, it is essential that the plaintiff have possession of the premises when the action is commenced.

Until the validity of a grant from the Spanish or Mexican Government has been determined by the tribunals of the United States, under the Act of Congress of March 3d, 1851, it cannot be made the basis for impeaching a patent for the same premises.

Thus, where the validity of the claim of the defendant, under a Mexican grant, had been recognized and confirmed, and a patent to him issued thereon by the United States: *Held*, that the plaintiff, relying solely upon an opposing unconfirmed grant from the Mexican Government, embracing the same premises, could not call in question the rights of the defendant, either in law or equity.

Where claimants under Spanish or Mexican grants have never presented their claims for confirmation, under the Act of March 3d, 1851, such claims are to be treated as non-existent, and the land, so far as they are concerned, is to be considered as part of the public domain.

Where the parties each claimed the same premises under independent Mexican grants, and the defendant, with knowledge of the plaintiff's claim, proceeded to obtain a confirmation of his claim and a patent therefor: *Held*, that no equities could arise in favor of the plaintiff, and against defendant, from the latter's knowledge of the adverse claim, nor was he, by reason of this knowledge, affected with notice of any equitable rights of the plaintiff.

APPEAL from the Third Judicial District.

The facts are sufficiently stated in the opinion.

*Nathaniel Bennett*, for Plaintiffs and Appellants.

The subject matter of dispute in this case is a ranch in the county of Monterey.   The main point in the case is, that the defendant holds the legal title in trust for the plaintiffs, who have the equitable title.

The plaintiffs claim under a grant from the Mexican Government.   The defendants claim under a pretended grant from the same Government, fortified by a patent from the United States, issued in pursuance of the Act of Congress of March 3d, 1851, for the settlement of land titles in California.   The plaintiffs insist that the patent of the defendant inures to their benefit.

The complaint is framed with a double aspect : 1st, under our statute to quiet the title ; and 2d, upon the general principles of equity, to declare and enforce a trust.   Both points, however, in fact resolve themselves into the same thing ; for we do not well see how we can maintain an action to quiet the title without at the same time establishing the trust.

Although the complaint may not, in so many words, pray that the defendant may be declared to hold the land as a trustee for the plaintiffs, it does contain the substance of such prayer, as it asks that the defendant Spence. may be decreed to convey the land to the plaintiffs ; and besides, the facts set forth in the complaint being sufficient to entitle us to relief asked for, the Court will grant such relief even though not prayed for.

The answer denies all the allegations of the complaint, except that the defendant Spence holds a patent of the United States for the premises, and the execution of the mesne conveyances to Spence from José Mariano Estrada, and sets up numerous substantive defenses, based upon the Statute of Limitations, but as the proof does not sustain them, it is unnecessary to notice them.

We insist that all the material allegations of the complaint are sustained by the proofs ; and the only question is, does the law upon them entitle the plaintiffs to the relief demanded ?

Judge Story, in his Equity Jurisprudence (vol. 2, sec. 1195) includes among implied trusts, " those which are forced upon the party by operation of law ; as, for example, in cases of fraud, imposition, notice of an adverse equity, and other cases of a similar nature."

33

In this case the defendant had, all along notice of the adverse equity of the plaintiffs; and therefore the procuring of the patent in his own name and for his own benefit, operates as an imposition on the rights of the plaintiffs. The case is analogous to that, to say the least, where a man buys land with another's money and takes the conveyance in his own name (2 Story's Eq. Juris. 55, sec. 1201); or in the case where a profferment is made without consideration, in which event the use results to the proffer. (Sec. 1201.)

The position for which we contend has already been passed upon by this Court in *Estrada* v. *Murphy* (19 Cal. 249.) That case goes the full length of sanctioning the decree for which we ask. It is there held that " if the confirmee in presenting a Mexican claim, acted as agent, or trustee, or guardian, or in any other fiduciary capacity, a Court of Equity, upon a proper proceeding, will compel a transfer of the legal title to the principal *cestui que trust*, ward, or other party equitably entitled to the same, or subject it to the proper trust in the confirmee's hands. It matters not whether the presentation were made by the confirmee in his own name in good faith, or with intent to defraud the actual owner of the claim, a Court of Equity will control the legal title in his hands so as to protect the just rights of others."

And the case of *Castro* v. *Hendricks*, (23 How. 441) cited in *Estrada* v. *Murphy*, fully sustains the doctrine of the latter case; as the necessary result of the case of *Castro* v. *Hendricks* is, that the fact of obtaining a patent is not conclusive in favor of the patentee, but that others may be shown to have the better right, and that the Government has no interest in the contests between persons claiming *ex post facto* the grant.

We think we might safely rest our case on the two cases last cited; but the precise doctrine for which we contend is laid down in *Boggs* v. *The Merced Mining Co.* (14 Cal. 280) in the following words: " The proceeding by bill in equity, which an individual is allowed to take to set aside a patent or control its operations, is in the nature of a bill to quiet title—to determine an estate held adversely to him—to remove what would otherwise be a cloud on his own title; or is in the nature of a bill to enforce a transfer of the interest from the patentee, on the ground that the latter has,

by mistake or fraud, acquired a title in his own name, which he should in equity hold for the benefit of the complainant. The individual complainant must therefore possess a title superior to that of his adversary, and of course, to that of the Government through whom his adversary claims, or he must possess equities which will control the title in his adversary's name."

Apply the doctrine of that case to our own. Our proceeding is by bill in equity. It is to impose a transfer of the interest of the patentee. He has acquired a title in his own name, which he should in equity hold for the plaintiffs. The plaintiffs possess a title, which prior to the patent to the defendant, was, in equity at least, superior to that of the defendant, and to that of the Government through which the defendant claims. And the plaintiffs, therefore, possess equities which ought to control the title in the defendant's name.

Nor should it be supposed that our case cannot be maintained because the Court below found that the defendant was not guilty of fraud. (This was not the finding of the Court as claimed by counsel, but merely the opinion of the Court below, as this Court will see by an examination of the opinion or finding.)

This is an equity case, and this Court is not bound by the finding of the Court below on questions of fact; but it is unnecessary for us to establish actual fraud. What the law denominates constructive fraud is all we need to maintain our case. This is illustrated in almost every possible shape in the chapter on " Constructive Fraud," in Story's Equity Jurisprudence (vol. 1, pp. 268–440). Thus, if José Mariano Estrada under whom the defendant pretends to claim, had notice of the Mexican title of his son José Santiago Estrada, under whom the plaintiffs claim, that would amount to, constructive fraud. In such case, a Court of Equity "will hold the purchaser a trustee for the benefit of the person whose rights he has thus sought to defraud. (1 Story's Eq. Juris. secs. 395, 396, 399.) Not a shadow of doubt can exist but that the defendant had full knowledge of the claim or title of Santiago.

That the decree which we ask for is the proper relief is sustained by the case of *Brown* v. *Lynch*, (1 Paige's Ch. 147) where it is held that a Court of Chancery will relieve, in a case of this nature,

by converting the person guilty into a trustee for the injured party. In that case, the Vice-Chancellor says, (p. 152) quoting the language of Lord Eldon, " It has long been settled, that if a conveyance has been obtained by means which in this Court have the character of imposition, fraud, oppression, or undue advantage, the person deriving a title under it is a trustee, and the species of relief is by directing a reconveyance." And the Chancellor says in the same case, (p. 158) " The means to be employed is to convert the person who has gained an advantage by means of his fraudulent act, into a trustee for those who have been injured thereby."

The unavoidable inference to be drawn from the case of *West* v. *Cochrane* (17 How. 403) is in favor of our position. The action was ejectment upon a state of facts in many respects analogous to the facts in our case. The action failed because the plaintiff had not the legal title ; Mr. Justice McLean remarking at the conclusion of the case (p. 416) : " In this case I do not dissent, as it is the understanding of the Judges that the equity of the case remains open for further investigation."

The following authorities, illustrate in a greater or less degree the position for which we contend : (*Moore* v. *Wilkinson*, 13 Cal. 478 ; *Willot* v. *Sanford*, 19 How. 82 ; *Garland* v. *Winn*, 20 Id. 8 ; *Jones* v. *McMaster*, Id. 22 ; *Mezes* v. *Green*, 24 Id. 268.)

*D. R. Ashley*, for Respondent.

I.    Plaintiffs not being in possession of any part of the land, could not sustain the action. (Prac. Act, sec. 254 ; *Ritchie* v. *Dorland*, 6 Cal. 40 ; *Smith* v. *Smith*, 12 Id. 216 ; 17 Ill. 135 ; *Curtis* v. *Sutter*, 15 Cal. 262 ; *Bayerque* v. *Cohen et als.*, 1 McAl. 117 ; *Armitage* v. *Wickliffe*, 12 B. Munroe, 488 ; *Surgett* v. *Lappice*, 8 How. [U. S.] 165 ; *Loring* v. *Downer*, 1 McAl. 365 ; *Head* v. *Fordyce*, 17 Cal. 151.)

II.    There being no fraud shown on the part of the defendant, he could not be required to convey the land to plaintiffs unless his relation towards them in acquiring his title made him their *quasi* trustee.    But the defendant is an utter stranger to the title set up by plaintiffs, and claims nothing under it ; nor has he borne any

Rico *v.* Spence.

fiduciary relation to plaintiffs or their grantor.    His acquisition of title to the lands by patent will not inure to benefit of plaintiffs. Besides, defendant's grantor, Dias, acquired defendant's title with the knowledge and consent, and under the direction of José Santiago Estrada, the grantor of plaintiffs, who are not purchasers in good faith.

III.    The Court did not err in refusing a new trial.    The testimony was overwhelmingly in favor of the defendant, and entirely justified the findings and judgment of the Court, and would not support any other.

1.    The plaintiffs were not in possession of the land nor any part of it.

2.    The defendant is in possession of the land, and so has been exclusively for ten years; his immediate grantor, Manuel Dias, was in possession from 1845 to 1850; and the immediate grantor of said Dias, to wit, José Mariano Estrada was in possession from 1823 to 1845.

3.    The land in dispute is named Rancho "Llano de Buena Vista," and is situated on the north or right-hand side, going down, of the Salinas or Monterey River.    The rancho named Buena Vista is opposite on the south or Monterey side of said river.    The alleged title of plaintiffs is for "Buena Vista," and they have no title to the land in dispute.    The defendant has title to the land in dispute, "Llano de Buena Vista."

IV.    The apparently good but really defective title, not the genuine and true one, is a cloud upon the title; and if the holder of the true title is not in possession he has a plain, speedy, and adequate remedy at law by ejectment; and he cannot proceed in equity.    But if he is in possession, as this Court has before said, he might formerly, without the aid of statute, after his title had been tested and affirmed at law, have proceeded to remove the cloud; yet now under the statute, he may, being in possession, proceed in equity without a previous trial at law.    But in this latter case the plaintiff must show a clear legal title in himself.    (33 Miss. [4 George] 292.)

There may possibly be a case where one, out of the possession and not having the legal title, may in equity procure the convey-

ance of that title in himself, where the holder of the title has by trick and fraud acquired it.  But this is not plaintiff's case.  They allege title in fee in themselves, entirely independent of, distinct from, and adverse to the defendant's title ; and they allege no relation of trust or fiduciary character in the defendant.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The Court below appears to have treated this action as brought under the statute to quiet the title of the plaintiffs to a tract of land situated in Monterey County, and to have ordered its dismissal on the ground that the plaintiffs were not in possession of the premises at its commencement.  Such possession of the plaintiffs was essential to maintain an action of this character.  (Prac. Act, sec. 254.)  But the defendants contend that the action was brought not merely to quiet the title of the plaintiffs, but also to establish and enforce a trust.  The complaint sets forth that a grant of the premises was issued in 1822 to José *Santiago* Estrada, through whom the plaintiffs trace their title ; that the defendant David Spence presented a claim for the same premises to the Board of Land Commissioners, alleging that a grant of them was made in 1823 to José *Mariano* Estrada, through whom he deraigns his title ; that the claim was confirmed ; that subsequently a patent for the land was issued to him by the United States ; that the confirmation was obtained by fraud and false representations ; and that the mesne conveyances to him and the patent constitute·a cloud upon the plaintiffs' title ; and concludes with a prayer that the mesne conveyances be set aside, that he be enjoined from making any claim to the premises, and be decreed to convey the same to the plaintiffs, and for general relief.

The answer of the defendant Spence denies all the allegations of the complaint which affect his rights to the premises in controversy, and sets up several special defenses which it is not material to notice.

The evidence shows that the grant to José *Santiago* Estrada embraces different premises from those claimed by the plaintiffs ; that the premises which it cedes were called " Buena Vista," and are situated on the south side of Salinas or Monterey River ; and that the premises granted to José *Mariano* Estrada were called

" Llano Buena Vista," and are situated on the north side of the same river.  This fact that the parties claim under independent grants, covering different premises, of itself disposes of the case.

But if the fact were otherwise, and the two grants covered the same premises, the case presented would only be one of conflicting grants.  Neither can be made the basis for impeaching a patent for the same premises until its validity has been determined by the tribunals of the United States, under the Act of Congress of March 3d, 1851.  And as the validity of the claim of the defendant Spence under the grant to José *Mariano* Estrada has been recognized and confirmed, and a patent issued to him, the claimants under the opposing unconfirmed grant, even if it embrace the same premises, relying solely upon such grant, cannot call in question his rights either in law or equity.  It does not appear from the record whether those claimants have ever presented their claim for confirmation.  If they have not done so their claim is to be treated as non-existent, and the land, so far as they are concerned, as part of the public domain.  (*Estrada* v. *Murphy*, 19 Cal. 269.)

Independent of these views, there is another consideration which concludes the case.  The plaintiffs do not show the possession of any equities which can control the legal title.  They present no evidence of the existence of any such relation of trust or confidence between them and the patentee as imposed upon the latter the duty of acting for their benefit, and of holding the title for their use.  There was no fiduciary relation between them.  Nor does it appear that there was any mistake committed by the authorities at Washington in issuing the patent to the defendant Spence.  The instrument was intended for the party who received it.  Nor is it pretended that any fraud was committed by the patentee in the deraignment of his title from the original claimant of the premises.  The genuineness and due execution of the intermediate conveyances from José Mariano Estrada to him are not questioned.  Nor can it be said that he acquired his title with notice of any equitable rights of the plaintiffs which could affect him.  The parties claimed under independent grants, and no equities could arise in favor of the plaintiffs against him from his knowledge of their separate claim.

Judgment affirmed.