## JOSHUA B. LYLE v. WILLIAM ROLLINS AND S. P. HARVEY.

ACTION TO DETERMINE ADVERSE CLAIM TO REAL PROPERTY.—An action cannot be maintained for the purpose of determining an adverse claim to or estate or interest in real property, under section two hundred and fifty-four of the Practice Act, unless the plaintiff, at the time of the commencement of the action, is in the actual possession of the property himself, or in possession by his tenant.

EVIDENCE TO SUPPORT FINDING.—Where there is a conflict of testimony on any question of fact, the Supreme Court will not ordinarily disturb the finding, but where the testimony is all one way on any one point essential to sustain the judgment, and the finding is contrary to the evidence, a new trial will be granted.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment for all the land described in the complaint, and defendants appealed.

The other facts are stated in the opinion of the Court.

E. W. F. Sloan, for Appellant.

Brooks & Whitney, for Respondent.

By the Court, SAWYER, J.

This action was instituted under the two hundred and fifty-fourth section of the Practice Act. The plaintiff alleges that he is in possession of certain lands described, claiming title in fee, and that the defendants set up some claim of title adverse to the plaintiff. He asks a judgment that defendants have no title, and that they be barred from ever thereafter setting up any title or claim to the premises.

An essential condition to the maintenance of this action under section two hundred and fifty-four is, that the plaintiff must, at the time of the commencement of the action, be in possession of the real property, either by himself or his tenant. If the plaintiff was not thus in possession at the time of filing his complaint, he must fail in this action, even though he may have a perfect title in fee simple, and the right to immediate possession. (Rico v. Spence, 21 Cal. 511.)   In Van

*Winkle* v. *Hinckle*, 21 Cal. 342, possession by tenant was held to be insufficient when the action is brought by the landlord against the tenant in possession setting up a claim adverse to his landlord.

The action was tried without a jury, and the Court found that plaintiff was in possession at the commencement of the suit. The finding as to a portion of the premises is claimed to be entirely unsupported by the evidence.

The plaintiff put in evidence a record of a judgment for the possession of the premises in question, recovered in 1854, in the case of *Sindle* v. *McKenna et al.* Also, a writ of restitution issued in the same year on said judgment, and the Sheriff's return, by which it appeared that Sindle was put in possession. Plaintiff then deraigned title from Sindle, and introduced some further testimony tending to show possession at some time prior to the commencement of this suit, which was in September, 1862. Plaintiff then testified on his own behalf as follows: "I am in possession of a portion of the premises claimed in this action. I am in possession of the sixty-eight foot lot on Howard street, corner of Michigan avenue. I have a house on it; live there; I have a fence around it. Of the rest I have only the possession conferred by my deed." This is the only evidence of present possession on the part of the plaintiff other than the presumption, that a possession once shown continues until the contrary appears.

On the part of the defense, Shultz testified that in 1861 he helped build a fence on a part of the premises in question on the corner of Mission and Johnson streets for defendant, Rollins; that about three months afterward Rollins built a house upon that lot; that he knew the gentleman who occupied the house, by sight, but did not know whether he had a lease or not; that the fence he helped put up was not there then; that the fence was standing three weeks; but, when he passed three months after, it was gone.

The defendant, Rollins, on his own behalf, also testified to fencing the lot on the corner of Mission and Johnson streets,

colored red on the diagram, in December, 1860, and then said:
" The house on the corner of Mission and Johnson street I
built. I commenced it March 18, 1862. Martin Conroy occu-
pies the house as my tenant, and pays me rent; he has so since
April, 1862. He occupied it when this suit was commenced.
\* \* \* The house was ten by twenty-eight, boarded up and
clapboarded over. \* \* \* The fence of 1861 was of two
boards. That was taken away. \* \* \* Commenced build-
ing the house March 18, 1862. It was six weeks before it
was finished. My tenant moved in on the 29th. That was on
the fifty-five foot lot." Some further testimony was intro-
duced by defendant tending to show that there was no fence
round this corner lot prior to the fence built by defendant in
1861; some conveyances under which defendant claimed, and
some further testimony on the part of plaintiff tending to show
that Cottle, one of plaintiff's grantors, built a fence round
Block Three in 1860, and this constitutes all the evidence on
the question of possession.

There is, then, not the slightest conflict in the evidence as
to who was in possession of that part of the premises in dis-
pute on the corner of Mission and Johnson streets on the 13th
of September, 1862, the date of the commencement of this
suit. The plaintiff may have had possession at some prior
period of time. But if so, at this time all the testimony shows,
that there had been an ouster as to this particular portion.
Plaintiff himself testifies, that, as to all of the premises in dis-
pute, except the sixty-eight foot lot where he lives, on Howard
street, " I have only the possession conferred by my deed."
While it clearly appears by uncontradicted testimony, that the
defendant built a house on the lot on the corner of Mission
and Johnson streets in March, 1862—that he immediately
placed a tenant in it, who occupied it, paying defendant rent
down to and at the time of the commencement of this suit, in
September—a period of some six months. As plaintiff lived
on the same block, he must be presumed to have had notice of
this occupancy, and he was aware that it was under claim of
title by defendant, for he alleges such claim in his complaint,

and institutes this suit expressly to have this claim of title adjudicated. Clearly the defendant, by his tenant, and not the plaintiff, was in the actual possession of this portion of the premises in dispute, at the time of the commencement of the suit, and the Court erred in not excepting it, as well as the other two parcels excepted from its findings.

Where there is a conflict in the testimony on any question of fact, this Court will not ordinarily disturb the finding of the Court, or the verdict of the jury upon that point; but where, as in this case, the testimony is all one way upon any one point essential to sustain the judgment, and the Court below has by any means overlooked it, and found contrary to the evidence, we feel called upon to grant a new trial.

The plaintiff may have shown a prior possession, and title sufficient to enable him to recover possession of the land, but he does not show a possession of the part referred to at the time of the commencement of the action, and for this reason he is not entitled to the relief prayed for under section two hundred and fifty-four of the Practice Act, as to that portion, and his judgment is too broad.

The extent of the portion of the premises in the actual possession of the defendant, at the time of the commencement of the suit, is not very clearly indicated by the record. We call attention to this fact, in order that it may be fixed with precision on the next trial.

For the error indicated, the judgment must be reversed and a new trial had, and it is so ordered.