B. PRALUS, C. PRALUS, A. PRALUS, JULES FRI-
COT, A. LANZET, S. RIPERT, E. W. HASKELL,
L. LASVIGNES, AND JOHN HOESCH *v.* THE
JEFFERSON GOLD AND SILVER MINING COM-
PANY.

MINING CLAIM—ACTION UNDER SECTION 254 OF PRACTICE ACT.—To maintain an action to quiet title to mining claims on the public domain, under section two hundred and fifty-four of the Practice Act, the plaintiff must establish an actual or constructive possession in him at the time of commencing the action.

IDEM—CONSTRUCTIVE POSSESSION.—In such case, constructive possession can only be established by the proof of three facts, to wit : First, that there were local mining customs, rules and regulations in force in the district embracing the claims ; second, that particular acts were required by such mining laws or customs to be peformed in the location and working of claims, as authorized by such laws ; and third, that plaintiff has substantially complied with these requirements.

IDEM—COMPLAINT.—A complaint, in an action to quiet title under the two hundred and fifty-fourth section of the Practice Act, which fails to aver possession of the property in plaintiff at the commencement of the action, is demurrable.

PRACTICE—CORRECTION OF FINDINGS.—When the findings of fact are defective, the remedy is by motion in the statutory mode, in the first instance, for their correction ; while, if made contrary to the evidence, the remedy is by specifying the erroneous findings on motion for a new trial.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The plaintiffs appealed.
The other facts are stated in the opinion of the Court.

*F. J. McCann*, and *J. O. Goodwin*, for Appellants.

*G. N. Swezy*, and *Chas. E. Filkins*, for Respondent.

By the Court, CROCKETT, J.:

This is an action founded on section two hundred and fifty-four of the Practice Act, to quiet the plaintiffs' title to a piece of mining ground in Yuba County. The complaint avers, among other things, that at the commencement of the action the plaintiffs were in the possession of the mining ground in contest. This was a material and traversable allegation, which it was incumbent on the plaintiffs to prove, if denied. Without that averment the complaint would have been demurrable. (*Ritchie* v. *Dorland*, 6 Cal. 33; *Curtis* v. *Sutter*, 15 Cal. 259; *San Francisco* v. *Beideman*, 17 Cal. 443; *Van Winkle* v. *Hinckle*, 21 Cal. 343; *Rico* v. *Spence*, 21 Cal. 504; *Lyle* v. *Rollins*, 25 Cal. 437.)

The answer explicitly denies the possession of the plaintiffs, and avers, on the contrary, that the defendant and the grantors of defendant " have been in the quiet, peaceable and undisturbed possession of said mining ground for the last six years and more, and have held and worked the same in accordance with the mining rules and regulations of said Brown's Valley Mining District."

The findings on the question of possession are, in substance, that in September, 1862, the plaintiffs made their location of one thousand feet, set stakes upon the ledge at the north and south ends, and commenced work; that no notices were put up on the ground, but in the same month a notice of their claim was filed in the County Recorder's office; that in the

latter part of 1862 the plaintiffs performed work on the ledge to the value of sixty or eighty dollars in prospecting the ledge and sinking holes along the line of it, and in November or December, 1863, a shaft was sunk to the depth of twenty-five feet, and in the Spring of 1864 some further work was done; that in 1853 Reed & Frierson, under whom the defendant claims, laid claim to a portion of the ledge now claimed by defendant; that in 1855 one Rule entered upon that portion of the ledge then known as the Jefferson Claim, as a tenant of Reed's interest, under a lease from him, and did some work upon the claim. The Court then finds as follows:

" There are but two methods by which to prove possession of a mining claim, to enable a party to maintain an action for it. First, by showing an actual possession, and this would doubtless be sufficient with or without mining laws; but the possession must be actual. In this case neither party pretends to show such a possession beyond the three or four feet square upon which prospect holes were dug. This would defeat plaintiffs' action if a recovery was sought upon that right. Second, by a constructive possession under the rules or regulations of miners. Such a possession the defendants did have for years prior to the location of the plaintiffs."

The findings contain nothing more on the question of the actual possession of either the plaintiffs or defendant at the commencement of the action.

We construe the findings to declare distinctly that neither the plaintiffs nor defendant ever had the actual possession at any time; and certainly the Court does not find that the plaintiffs, at the commencement of the action, had either the actual or constructive possession.

The plaintiffs' counsel made an unsuccessful effort to correct the findings in some particulars, but not in those relating to the question of the possession of the plaintiffs.

The plaintiffs also moved for a new trial on the ground,

amongst others, that the evidence was insufficient to support the decision of the Court, and specifies several particulars wherein it is alleged to be insufficient. But none of them have any reference to the question of the actual possession of the plaintiffs at the commencement of the action.

The Court below, upon the findings, entered judgment for the defendant, and under these circumstances we must assume that the plaintiffs failed to establish an actual possession at the time of the commencement of the action.

This must of itself be decisive of this action, unless it can be maintained on a constructive possession, and unless the plaintiffs established such constructive possession. If such possession would avail the plaintiffs in this form of action it was incumbent on them to establish it as an affirmative fact. Do the findings establish in the plaintiffs the constructive possession at the commencement of the action? We think not. On the contrary, the Court distinctly finds that the defendant had the constructive possession for years " prior to the location of the plaintiffs," and no fact is contained in the findings from which it can be inferred that the plaintiffs, at the commencement of the action, had such constructive possession, unless the facts found establish the existence of local mining laws in that district, and that the plaintiffs or their predecessors in interest complied with them, and that the ground was liable to appropriation for mining purposes. There can be no constructive possession of mining ground on the public domain unless it be from a compliance with the local mining customs, laws and regulations.

All that is revealed to us by the findings in respect to mining rules and regulations in that district is, that as early as 1852 regular semi-annual meetings of the miners of Brown's Valley were held, at which laws were passed for the holding of claims and the regulation of the mines, and in 1855 the semi-annual meetings were changed to annual meetings; that a law of 1853 required each claim to be

71

represented at the regular meetings, either by the owners or by attorney, or it might be declared forfeited; that another law required each claim to be recorded at the regular meetings, and that, from the books put in evidence, the practice must have been not to make a record of the description of the mine, but to record under the claim the names of the parties, whether owner or attorney, who represented the claim; that there was no law or custom requiring claims to be recorded in the office of the County Recorder. The findings are entirely silent as to the method which the mining laws or customs prescribed for locating, working or defining the boundaries of claims, or the extent of the claims which one or more persons might locate. In the absence of light on these subjects it is impossible to say whether or not the plaintiffs located their claim in accordance with those laws or customs, and as the plaintiffs hold the affirmative of the issue it was incumbent on them, in order to establish a constructive possession, to prove not only what acts were required to be done under the mining laws or customs to locate and hold a claim, but also to show a compliance on their part with these requirements. This they have failed to do, so far as the findings exhibit the facts.

If the findings were defective in omitting to find a material fact on this branch of the case, the plaintiffs, at the proper time and in the proper manner, should have moved to correct them. But there was no motion to correct them in this particular. If the Court found any fact in respect to the mining laws, and the action of the plaintiffs under them, contrary to the evidence, the plaintiffs should have specified it on their motion for a new trial. But there were no such specifications. On the contrary, all the specifications related to acts done by the defendant and its grantors.

Our conclusions, therefore, are: First—That in order to maintain an action of this character in respect to a mining claim on the public domain, the plaintiff must establish at least a constructive possession at the time of the commencement of the action. Second—That such constructive posses-

sion can only be established by the proof of three. facts : 1. That there were local mining customs, rules and regulations in force in that particular district; 2. What particular acts were required by such mining laws or customs to be performed in the location and working of claims, and the extent of each claim as authorized by such laws; 3. That the plaintiffs have substantially complied with these requirements.

The plaintiffs having failed to show either an actual or constructive possession of the ground in contest at the time of the commencement of the action, judgment was properly rendered for the defendant.

Under our view of the case, it is unnecessary to decide the other points presented in the record.

Judgment affirmed.