EDMUND BROOKS *v.* DAVID CALDERWOOD, W. S. DOUGLASS, AND HIS WIFE ELIZABETH DOUGLASS, DAVID IRVING, ROBERT C. BROOKS, AND THE CITY AND COUNTY OF SAN FRANCISCO.

| 34 | 563 |
| 79 | 447 |
| 34 | 563 |
| 86 | 565 |

ACTION TO DETERMINE ADVERSE CLAIM—POSSESSION NECESSARY.—In an action to determine an adverse claim to land, under section two hundred and fifty-four of the Practice Act, the plaintiff cannot prevail without proof of possession at the time of commencing the action, if the allegation of possession is denied by the answer.

IDEM—COSTS ON DISCLAIMER.—In such action, the defendant will not be exonerated from payment of costs, under section two hundred and fifty-five, by disclaiming any title or interest in himself, when if at the same time he answers, denying the allegation of possession contained in the complaint, thereby compelling the plaintiff to prove that issue, and the plaintiff finally succeeds on the issue.

IDEM—COSTS ON PARTIAL SUCCESS.—When, in such action, the plaintiff succeeds in part and fails in part, as to some of the defendants, the judgment will not be reversed because the District Court awards costs against such defendants.

IDEM—JUDGMENT IN.—In such action, if the Court finds and adjudges that a defendant has no just claim or title, legal or equitable, the judgment will not be reversed because it also contains a clause perpetually restraining the defendants from further setting up the claim so adjudged to be invalid.

SETTLEMENT OF EXCEPTIONS TO FINDINGS.—Exceptions to findings will be disregarded when not presented and settled by the Court or Judge in the mode prescribed by the statute.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The trial was by the Court without a jury. It appeared, from a statement on this appeal, that plaintiff came into possession of a portion of the lands claimed by plaintiff, under a writ of restitution issued on a judgment in an action of ejectment by plaintiff against one Ross, which fact, together with the judgment roll in that action, was put in evidence by plaintiff on the trial of this cause, under appellants' objection and exception for irrelevancy.

Plaintiff, in his proof, deraigned title to the lands in controversy by divers mesne conveyances from John C. Fremont, to whom they were granted by the Alcalde of the Town of Yerba Buena on the 16th of January, 1847. The record of the title papers of the grant, including the petition therefor, were put in evidence by plaintiff under the objection and exception of appellants, based on the fact of an erasure in the petition of the word " south " and the interlineation of the word " north," which was, however, explained by the Alcalde, George Hyde, who was a witness at the trial, to have been made without fraud by himself while in that office. Plaintiff, in complaint, among other things, prayed judgment that defendants be perpetually enjoined from setting up any title to the lands in controversy as against him. The defendants, Calderwood, W. J. and Elizabeth Douglass, appealed.

The other facts are stated in the opinion of the Court.

*J. M. Seawell,* for Appellants.

*Daniel Rogers,* for Respondent.

By the Court, SAWYER, C. J. :

This is ·an action brought under section two hundred fifty-four of the Practice Act to determine an adverse claim to Subdivisions Twenty-eight, Thirty-one and Forty of One Hundred-vara Lot Number Seven, in the City of San Fran-

cisco. The plaintiff alleges title and possession; that defendants set up some adverse claim, estate or interest which has no just foundation in law or equity; that such claim, although invalid, is a cloud upon his title, impairs the market value of the property and obstructs its alienation; and that one of the defendants is harrassing him by bringing suits against his tenants, and he prays the usual relief. The defendant, Calderwood, in his answer, takes issue on the material allegations of the complaint, and sets up sundry affirmative matters of defense. The defendants, Douglass, and wife, deny plaintiff's title to, *or possession of*, the premises in question, or any part thereof. They then, affirmatively set up title in themselves to Subdivision Forty, and " disclaim any interest in, or claim to, the remainder of the premises."

Upon the trial the Court dismisssed the action as to Subdivision Forty, without prejudice to plaintiff. As to all the rest of the premises, the Court found the issues for plaintiff, and rendered judgment in accordance with the prayer of the complaint, and for costs. There does not appear to have been a motion for new trial. Defendants Calderwood, and Douglass and wife, appeal from the judgment. The defendant, Irving, has not appealed, and it is unnecessary to consider the judgment, so far as it affects him. Douglass and wife claim, that, because the action was dismissed without prejudice as to Subdivision Forty, to which they set up title, and they disclaimed as to the balance, costs should have been awarded them. But the plaintiff could not maintain the action, and would not be entitled to judgment at all, as to any portion of the land, unless he was in possession at the commencement of the suit. (*Lyle* v. *Rollins*, 25 Cal. 437.) And said defendants denied his allegation of possession, and put him to his proof. They might have rested on the issue of possession alone, if plaintiff was unable to prove it, and have defeated the action as to the whole on that ground. The disclaimer in another answer of any claim to a part of the premises in question, was not inconsistent with this issue, which they made. Without proof of possession, plaintiff

could not have had judgment even as to that portion concerning which defendants disclaimed. If defendants wished to avail themselves of the statutory provision relating to disclaimers, to save themselves from costs, they should not have raised the issue on plaintiff's possession, and put him to his proofs. They did do it, however, and he succeeded on the issue. The plaintiff, therefore, succeeded in part, and, as to Douglass and wife, failed in part. Plaintiff was at least entitled to costs as to the issue, upon which he succeeded. And the Court, if it had the discretion to apportion the costs, did not see fit to do it. We think Douglass and his wife not entitled to a reversal of the judgment on the ground that costs were not awarded them.

The point sought to be raised in regard to defects in the findings is not presented by the record. The exceptions do not appear to have been settled in the mode prescribed by the Act of 1861, (Stats. 1861, p. 589,) or in any other mode. The papers in the transcript relating to the exceptions, therefore, constitute no part of the record on appeal.

This is not a case like *Knowles* v. *Inches,* 12 Cal. 212. In this case the title, as between plaintiff and defendants, has been tried and determined as to a portion of the premises, and it has been found in favor of the plaintiff. The very object of the suit was to determine whether the defendants had any just claim or title to the premises as against plaintiff, and settle the question forever. The Court has determined that they have none, and we see no reason why it may not make its judgment effectual by restraining the defendants from further setting up a false claim. It has been judicially determined that defendants have no just claim, estate or interest in a portion of the land, and, as to that portion, there is no reason why the plaintiff should be permitted to be further harrassed by them.

The proceedings in the case of *Brooks* v. *Ross,* by which it appeared that plaintiff had been put in possession under the writ of restitution in that case, was relevant to show the fact that he was so put in possession. It was relevant on the

question of possession. The alteration in the petition to the Alcalde, for a grant of the lot found in Book A of the original grants, was sufficiently explained by the testimony of Hyde, who himself made the grant, as Alcalde, to justify the Court in admitting the record of the grant in said book in evidence.

We find no error in the record.

Judgment affirmed.