ELOISA SEPULVEDA, Appellant, v. SALISBURY HALEY et al., Respondents.

No. 2166; March 14, 1870.

**Quieting Title—Possession of Plaintiff.**—In a suit under the statute to determine an adverse claim to real estate the plaintiff must show such a possession as would enable him to maintain the suit, which possession is an actual occupation by himself or tenant so far sufficient that without the aid of a deraignment of paper title he might by an action validly eject a mere intruder from the premises.

APPEAL from Seventeenth Judicial District, Los Angeles County.

Glassell, Chapman & Smith for appellant; Howard & Sepulveda and Kewen & Howard for respondents.

WALLACE, J.—This was an action brought by the appellant under the provisions of section 254 of the Practice Act, for the purpose of determining an adverse claim set up by the respondents to certain real estate alleged to be in the possession of the appellant and whereof she claimed to be seised in

fee. At the trial, upon motion of the respondents, a judgment of nonsuit was entered against her, and from that judgment she has taken this appeal.

The motion was based upon four several grounds. The first was, that it did not appear that the appellant had such a possession of the premises as would enable her to maintain the action. The others presented questions of the construction and effect of certain deeds of conveyance running to the appellant, and which she had read in evidence to establish her title to the land in controversy.

We think that the case must turn wholly upon the sufficiency of the first ground of nonsuit urged, because, if the fact of possession in the appellant was not proven, then the nonsuit was properly granted, even though it should appear that she had the title in fee and the right to immediate possession: Lyle v. Rollins, 25 Cal. 437. And, upon the other hand, if the requisite possession was shown in her, she should not have been nonsuited, even if she had not attempted a deraignment of title to herself, or, attempting it, had failed to establish it. For it is not pretended that the effect of the deeds read in evidence was to show any title in the respondents, and until their title was in some way made to appear, the appellant might rest safely upon the mere fact of her possession of the lands and the presumptions arising therefrom in her favor.

We proceed, therefore, to consider the character of possession established in the appellant by the proof. It appears that the premises in controversy are not inclosed nor cultivated. It is true that the sheep and horses of the appellant graze upon this land, not, however, under the control of herdsmen, but only roaming at large, together with the stock of other persons, over the whole of the Rancho San Vicente, of which the premises in controversy are a portion. We think that these facts do not show such a possession in the appellant as is required by the statute for the purpose of maintaining this action. That possession should be a pedis possessio, an actual occupation by herself or tenant—a subjection of the land to her will and control, to the exclusion of all other persons—such a possession as would enable her, without the aid of a deraignment of paper title, to maintain an action to eject a mere intruder thereon. We do not mean

to be understood as holding now that where a pedis possessio of a portion of an entire tract of land is established in a party, he might not in such an action as this resort to the title deeds for the purpose of extending that possession to the outer boundaries of the tract, as against the defendant, where no adverse possession in any part of the entire tract appeared.

If, however, such adverse possession to a part of the land should be shown in a third person, then the suit would be considered as brought to determine the adverse claim of the defendant only to the land remaining in possession of the plaintiff, as was held by this court in Curtis v. Sutter, 15 Cal. 264.

We think that the appellant did not have such a possession of the premises as, under the provisions of the statute and the construction it has uniformly received in this court, entitled her to maintain this action, and the judgment of the court below is, therefore, affirmed.

We concur: Rhodes, C. J.; Sprague, J.; Crockett, J.

TEMPLE, J.—I dissent, and intend on some future occasion to express my opinion more fully.

TEMPLE, J., Dissenting.—This action is brought under the two hundred and fifty-fourth section of the Practice Act to quiet the title of plaintiff to three tracts of land, each being part of the San Vicente Rancho in Los Angeles county.

The plaintiff proved title under the grant, and, as to possession, that one tract had been entirely inclosed by her grantor, and was so inclosed at the time it was conveyed to her, which was about eight months before the commencement of this action, since which time the fence had been removed by the plaintiff.

On the second tract was standing the old ranch house, at present apparently unoccupied. During the year before the suit was commenced, a portion of this tract was cultivated by the plaintiff.

The plaintiff had upon the rancho one hundred head of horses and a hundred head of sheep, which were allowed to run over the three tracts as well as the other portions of the

rancho. There was also other stock upon the rancho, belonging to various persons, which, in common with the plaintiff's stock, also ranged over the whole rancho. There was not, and never had been, any adverse possession of any portion of the land.

I cannot agree with the majority of the court that these acts do not constitute such a possession as will authorize the plaintiff to bring this suit. The plaintiff has the absolute control and dominion of the land. She has the actual use of it, and is probably enjoying it in the most advantageous and profitable manner. She is in the actual possession of its profits. She has the highest estate known to the law—the right coupled with the actual enjoyment of her estate. Nor do I see that her position as owner in possession is changed by the fact that she grazes her land in common with her neighbors, whose cattle, with hers, graze over the whole rancho. There are good reasons why a mere intruder should be held to show notorious acts of possession and exclusive occupancy when he relies upon such possession as evidence of title; but this is no reason why the rightful owner should be held to any particular manner of using his estate, and if he is actually using it in the manner best suited to his convenience and is in actual perception of the rents and profits, and, besides, has full dominion and control of it, I think he is the owner in possession in the sense of the statute. It is a great mistake, in my judgment, to require from the rightful owner the same acts which are necessary to constitute adverse possession by a wrongdoer. The courts are more frequently called upon to discuss the question as to what acts will constitute adverse possession or be evidence of title, but there is, nevertheless, a clear distinction between the acts necessary to constitute such a possession and the acts which show possession in the rightful owner.

In one case a possessio pedis, which is exclusive in its character (unless under color of title), evidenced by notorious acts, is required. But the owner, at common law, after a mere entry, was deemed in the actual possession until ousted by an actual adverse possession. And this rule is not merely technical, but is founded in good sense. If an owner has full dominion and control of his property, and may, without hindrance, use it for any purpose he pleases, as he can if not held ad-

versely, he may well be said to be in possession in every sense of the word. How has he any greater dominion or control of it by building a shanty upon one corner of it, as seems to be intimated in the leading opinion? See 4 Kent, c. 38; 1 Wash. on Real Prop., 34; 1 Greenl. Ev., secs. 41, 42.

The only cases relied upon in the majority opinion are the cases of Lyle v. Rollins, 25 Cal. 437, and Curtis v. Sutter, 15 Cal. 260.

The case of Lyle v. Rollins went off upon the ground that the defendant was in the actual adverse possession at the time the action was commenced.

The case of Curtis v. Sutter was brought to quiet title to a tract of land containing eight leagues, and the complaint showed that portions of the land were held adversely by certain squatters, who, it was feared, might fortify their possession by purchasing in the adverse claim which was sought to be removed. In rendering the opinion of the court, Judge Field says that the statutes enlarge the class of cases in which equitable relief could formerly be sought in quieting titles, and that to maintain a bill of this character, it was necessary that the plaintiff should be in possession; and the bill would not lie as to that portion of the ranch which was adversely held by settlers. The character of plaintiff's possession to the portions not adversely held did not appear, but the misfortune of this case as an authority for the conclusion of the majority is, that beyond all question the possession of plaintiff in the case at bar is sufficient to sustain a bill in equity to quiet her title. To maintain that action it was only necessary that the plaintiff should have such a possession as would sustain an ouster. The plaintiff may have been ousted from the premises and may have recovered them in an action at law, and had restitution of them more than once, and yet had no actual occupation of the premises, and, unquestionably, in equity could have sustained her bill to quiet her title; and although in this case I believe the plaintiff established an actual possession, I think the true rule under the statute is, that wherever the owner has a possession, whether actual or constructive, which may be intruded upon, he may bring this suit to determine an adverse claim, and thus prevent an intrusion under claim of title. Indeed, in many states it is now held that an action will lie in equity to remove a cloud from the title of the owner when-

ever he is not in a position to have the conflicting claim determined in an action at law: Alton Marine Fire Ins. Co. v. Buckmaster, 13 Ill. 205; Smith v. McConnell, 17 Ill. 135, 63 Am. Dec. 340; Niven v. Belknap, 2 Johns. (N. Y.) 573; Munroe v. Ward, 4 Allen (Mass.), 150; Harris v. Smith, 2 Dana (Ky.), 10; Moran v. Palmer, 13 Mich. 371.

The precise question under this statute has never been decided in this state, nor, so far as I can discover, in any state where a similar statute exists. In Pralus v. Jefferson G. & S. Mg. Co., 34 Cal. 558, the question was raised, but was not passed upon, for the court concluded that the plaintiff had neither actual nor constructive possession, though it is said by Mr. Justice Crockett, in stating the conclusion to which the court had arrived: "Our conclusions, therefore, are: First, that in order to maintain an action of this character in respect to a mining claim on the public domain, the plaintiff must establish at least a constructive possession," etc.

There is no reason that I can see why the benefits of this statute should not be extended to those in constructive, as well as those in actual, possession. The chief benefits of the statute are that an adverse claim can be tried, while the evidence is available, to show its invalidity and to remove a doubt from the title which lessens the value of the estate. These reasons apply with equal force to a party having constructive possession, and he is equally unable to bring his action at law to determine the conflicting claim, and is, perhaps, even more liable to have his land intruded upon by reason of it. It can work no injury to anyone that such claims should be tried; on the contrary, since land has become an article of commerce, it would be most beneficial to give courts jurisdiction of such cases. The statute does not require any particular kind of possession, and I know of no authority in this court to add qualifying terms, especially when, as I think in this case, it is an innovation upon the common law establishing a new rule as to what shall constitute possession, when coupled with title, and doing away with a principle which has been universally recognized wherever the common law of England has prevailed.