WOLVERTON ET AL., appellants, *v.* NICHOLS ET AL., respondents.

PRACTICE.— The practice of the jurisdiction must prevail in cases under the United States statute. In suits to quiet title, the action must be by party in interest, and both possession and title must be shown.

Actions to determine right to the possession of mining ground, under section 2326, U. S. Revised Statutes, must be according to the forms and practice of the jurisdiction where suit is begun.

In this jurisdiction, plaintiff in possession brings action to quiet title; if out of possession, his action must be in the nature of ejectment.

In the former case he must allege and prove ownership and possession of premises in controversy, failing which he will be nonsuited.

*Appeal from Second District, Silver Bow County.*

RANDOLPH & DEWITT, for appellants.

KNOWLES & FORBIS, for respondents.

WADE, C. J.    Actions under the two thousand three hundred and twenty-sixth section of the Revised Statutes of the United States, to have determined the right to the possession of mining claims, must be instituted according to the forms and practice within the jurisdiction where the suit is commenced.

In this territory, in such cases, if the plaintiff is in possession, he brings his action to quiet title; if he is not in possession, his action is in the nature of ejectment. In the former case the plaintiff must allege and prove possession; in the latter, he maintains his action if he establishes his right.

This complaint belongs to the former class.    The plaintiffs allege that they are the owners and in the possession of certain placer mining claims situate in Independence mining district, Silver Bow county; that the defendants have applied for a patent to certain portions of said claims; that the plaintiffs have filed their protest, and bring this action to have their title and possession decreed to them.

The defendants deny the title and possession of plaintiffs, and deny that the ground for which they have applied for a patent is any part or portion of the plaintiffs' claims.

Under this issue it was necessary for the plaintiffs to prove that at the date of the commencement of the action, they, by themselves or tenants, were in the actual possession of the claims in question.    Our Code of Civil Procedure provides, section 354: "An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the pur-

pose of determining such adverse claim, estate or interest."

This section of the code determines the character of the action to be instituted to have adjudicated the right to the possession of a mining claim, where the one claiming the right is in possession, and another sets up an adverse claim, estate or interest in the property; and it also points out one of the necessary elements of the plaintiff's case in order to maintain the action, viz., actual possession at the date of the commencement of the action. See *Lyle* v. *Rollins*, 25 Cal. 437; *Brooks* v. *Calderwood*, 34 Cal. 563; *Sepulveda* v. *Sepulveda*, 39 Cal. 13.

The testimony shows that the plaintiffs were not in possession of the ground in controversy at the date of the commencement of the action. Prior to that time they had entered into an agreement and covenant to convey to the Colorado and Montana Smelting Company, the validity of which agreement is not questioned by either party; the company had taken possession in pursuance of such covenant; had paid the full consideration mentioned therein, and stood in a position to compel a conveyance as provided for in the covenant to convey.

The purchase price having been fully paid, the plaintiff testified that she was ready to convey to the Smelting Company long before this action was commenced. It follows, therefore, that the plaintiffs, besides being out of the possession of the ground in question, are not the real parties in interest and had not the right or capacity to maintain this action. Furthermore, it is not shown by the proof that the ground claimed by the defendants is in conflict with that claimed by plaintiffs. See *San Diego* v. *Allison*, 46 Cal. 162; *San Francisco* v. *Ellis*, 54 Cal. 73; *Blosdell* v. *Williams*, 9 Nev. 161; *King* v. *French*, 2 Saw. 441; *Stark* v. *Storrs*, 6 Wall. 402.

The motion for nonsuit was properly sustained, and the judgment is affirmed with costs:

*Judgment affirmed.*