## THOMAS B. VALENTINE, Respondent, v. CHARLES J. JANSEN, Appellant.

### No. 1723; December 2, 1869.

**Boundary.**—A One-time County Surveyor may be Called to Explain in court a plat produced from the official records but made by him during his incumbency, and in explaining may use memoranda and field-notes found among his private papers from which he made the plat.

**Deed—Estoppel—Description of Land.**—A Jury may be Charged by the court that if they believe a grantee was aware of the contents of the deed on its being delivered, then his accepting and recording it is competent evidence tending to show what land he claimed as his; provided it is charged at the same time that such acceptance would not estop him to claim that the true description of the land is other than that given in the deed.

**Boundary.**—The Verdict of a Jury on the Question of a Boundary, when the deeds produced in evidence were conflicting in their descriptions, and the oral testimony bearing thereon also conflicting, is to be taken as final.

**Deed—Uncertainty in Description.**—A Deed Offered in Evidence is not to be rejected because of alleged uncertainty in describing the land granted, since it is for the jury to decide from this and all other evidence produced at the trial what the true description is.

**Ejectment—Former Adjudication.**—In the Trial of a Suit of Ejectment a judgment-roll, writ of possession and return showing that in a former suit between the plaintiff's grantor and another not the present defendant, involving the same land, such grantor was given the possession, may be put in evidence, but only to prove the existence of such a judgment as tending to show the plaintiff's color of right.

**Appeal.**—In a Statement on Appeal It is not Sufficient to have Indicated what "the evidence tended to show," but the court must have the evidence itself submitted for the exercise of its own opinion as to the tendency.

APPEAL from Fourth Judicial District, San Francisco County.

This was an action of ejectment. Foley settled upon the Foley tract in 1849 and in June, 1853, sold to Welch. Clyne had been a tenant of Foley's, both living on the premises, and after the sale remained as the tenant of Welch. Subsequently Clyne asserted ownership, wherefore proceedings were started to dispossess him. He died in the midst of these, so that renewed proceedings were had against his executors; judgment was recovered against these in 1863: See Brooks v. Crosby, 22 Cal. 42. According to the testimony in the present case, immediately after that decision was rendered, and before the sheriff had executed the writ of restitution, which was executed August 10, 1863, in the morning before daylight the defendant Jansen, an adjoining proprietor, entered upon a part of the premises involved in the controversy, removed the fence which, ever since 1850, had been the common boundary between this property and his, which was to the south. He put up another fence farther north than the one removed, on the line of Napa street. The strip between the lines respectively of the old and the new fence was the subject of the dispute succeeding. Jansen was dispossessed and brought forcible entry and detainer, in which he was unsuccessful: Janson v. Brooks, 29 Cal. 214. Jansen entered again, and, Brooks having meantime conveyed to Valentine, this suit was begun. At the trial one William P. Humphreys testified for the plaintiff that in 1853 he was county surveyor of San Francisco county; he identified his survey, brought out from among the official records of the surveyor's office, marked "1605; July 11, 1853, surveyed for Mr. Jansen as per diagram," which survey was referred to as fixing the boundary lines in the deed from one Thorne to Jansen, through which deed the defendant held his undisputed property. Subsequently the same witness produced from among old private papers of his the field-notes from which the official survey already in evidence had been made out. The admission of these field-notes in evidence was assigned as error. In the same connection the court instructed the jury that if they believed from the evidence that, when that deed was delivered to Jansen, the latter was aware of its

contents, then his accepting it and putting it upon record were competent evidence tending to show what land he claimed as his own, and that the land adjoining on the north was otherwise owned and occupied; the court charging also, at the defendant's request, that such acceptance did not work an estoppel to claim some other description to be the true one, if the fact so was. The other points in the case on which the decision turns are sufficiently made to appear by the decision itself.

B. S. Brooks for respondent; Wilson & Crittenden for appellant.

SAWYER, C. J.—This is an action to recover land, both parties relying on prior possession dating many years back. The questions are the usual issues of fact arising in such cases, relating to possession, abandonment, etc.

We think the survey, traced copy with corrections, and field-notes, in connection with the testimony of Mr. Humphreys, the surveyor, were properly admitted. We think, also, that there was no error in submitting the deed from Thorne to defendant, carefully guarded as it was by the charge of the court and the critical instructions given at the request of defendant's counsel. Thus guarded, we are of the opinion that the taking of the deed, with the description contained in it, is a circumstance which the jury were entitled to consider with the other evidence relating to the location of the respective claims. We cannot say that the deed from Foley and wife to Welch was void upon its face for uncertainty. There are several descriptions in it, which may, upon applying it to the land, for aught that appears upon the face of the deed, identify it perfectly. Whether it covers the land or not, as in most cases, must depend upon other evidence. It rarely happens, we apprehend, that it can be ascertained by the court, upon inspection of the deed, without other evidence, whether it embraces the land in question or not. Whether it embraced the land or not was a question for the jury upon all the testimony. There was no error in admitting the deed at the time it was offered in evidence.

We think the judgment-roll, writ of possession, and return showing Brooks was put in possession in the case of Brooks

v. Crosby, executor, etc., was relevant and admissible for the purpose for which it was introduced—that is to say, to prove the existence of such a judgment, and that Brooks was put in possession under it: Brooks v. Calderwood, 34 Cal. 566; Moon v. Rollins, October Term, 1868. Suppose no other title had been shown, it would then have appeared that Brooks, plaintiff's grantor, was put in possession under this judgment, that is to say, that he was in possession under color of right at least, and that Jansen afterward entered and ousted him. Without any other testimony, this would have made out a prima facie case and entitled plaintiff to recover. This would make it necessary for Jansen to show some superior title or possession, prior to any of the plaintiff. The fact that both parties actually endeavored to show a possession antedating the proceedings in that case cannot affect the question of relevancy. Both parties might have failed on this part of the case. But even if the matter was irrelevant to the issues, the use to which it could be put was so clearly limited, and the real questions on the other evidence as to prior possession was so carefully and distinctly put to the jury, and the jury so well guarded on this point in the general charge of the court, as well as the clear and carefully prepared instructions given at the request of counsel, that it is scarcely possible that the jury should have made any improper application of the testimony. We think there was no error in rejecting the deed from Shear to Center.

In Rice v. Cunningham, 29 Cal. 499, we said: "The bare circumstance that by the ruling of the court evidence was brought to the notice of the jury out of its regular order is no ground for a new trial." If it be conceded that the testimony of Murray about Kline's fence, on cross-examination, was out of time, it is clearly not a matter of sufficient moment to justify a reversal of the order denying a new trial on that ground.

In the charge of the court and the numerous and very elaborate and carefully prepared instructions covering almost every conceivable point that could arise in the case, given at the request of counsel, the case was fairly submitted to the jury, and in such a manner that it seems impossible for the jury to have misapprehended any point of law involved in

the case. We think there is nothing in the giving or refusal of instructions to justify a reversal of the judgment or order.

The defendant's proposed statement on motion for new trial, with a view to show the bearing of the several points which were intended to be made, stated: "The plaintiff, on his part, introduced evidence tending to prove, etc. . . . . , whilst the defendant produced, on his part, evidence tending to prove the earliest possession, etc." The plaintiff objected to this mode of statement, and insisted that the evidence itself, which tended to show the facts, should have been inserted in place of the statement, that evidence was offered tending to show, etc., and proposed amendments accordingly; but the court refused to allow the amendments, and plaintiff excepted and protested against the mode of statement adopted. The objection to the form of statement adopted was, that the evidence of the defendant, taken as true, did not tend to show the facts as stated. This being the claim of the plaintiff, we think he was entitled to have the testimony in the statement, so that this court could judge for itself whether it did or not. The materiality and bearing of the points made by the defendant might depend upon the question whether the testimony did, or did not, tend to establish the facts as stated, and the propriety of the rulings of the court below, upon the points made might turn upon this pivot. In a disputed case, we think the plaintiff is entitled to have his statement prepared in such a way that this court can determine for itself whether the evidence tends to show the facts as claimed, or not. This court might differ from the district court, and agree with plaintiff's counsel, on this point. When there is no dispute about the tendency of the evidence, and it is only necessary to see its tendency in order to appreciate the points to be made, this brief way of statement is proper, and ought to be adopted, instead of encumbering the record with the evidence, but when the tendency of the evidence is itself a matter of dispute, the party claiming it to be different from that assumed by the district court is entitled to have it in the record, for his case may turn on that point, and the district court has no more right to finally

adjudge that question than any other that arises in the course of the trial.

Judgment and order denying a new trial affirmed.

We concur: Sanderson, J.; Rhodes, J.

We dissent: Sprague, J.; Crockett, J.