Head v. Fordyce.

HEAD, Respondent, v. FORDYCE et al., Appellants.

F., defendant, began suit against the Volcano Water and Mining Company to subject to sale the ditch of that name, including aqueducts, flumes, culverts, dams, cabins, etc., in enforcement of a mechanic's lien. Subsequently, the ditch, etc., was sold on a judgment in favor of one Harris and purchased by S., from whom plaintiff, as judgment creditor of the company, redeemed, and in due time received the Sheriff's deed. Afterwards F. had a decree directing a sale of the ditch, etc., to satisfy his lien. Plaintiff sues to quiet title; alleging that F.'s decree is fraudulent; that he had no lien; and that he is about enforcing the decree, which is a cloud on plaintiff's title: *Held*, that, aside from any question of fraud, the action lies; that the existence of a decree, founded upon proceedings taken prior to plaintiff's title, and seeking to condemn the property by virtue of an asserted lien older than such title, would be a cloud upon that title.

The statute, (Pr. Act, sec. 254) giving a right of action to a party in possession of real estate to determine adverse claims, does not confine the remedy to the case of an adverse claimant setting up a legal title, or even an equitable title; but the statute embraces every description of claim whereby the plaintiff might be deprived of the property, or its title be clouded, or its value be depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension.

Plaintiff has a right to be quieted in his title whenever any claim is made to real estate of which he is in possession, the effect of which claim might be litigation or a loss to him of the property.

In this case it was not necessary that the bill should aver that plaintiff had no notice at the time of his purchase under the Harris sale of F.'s proceedings to enforce his lien. Such notice is not presumed.

Under our statute, the mere pendency of a suit does not charge the purchaser of the subject matter of the suit as a purchaser *pendente lite* at common law. A notice of *lis pendens* must be filed or appear of record.

In this case plaintiff cannot set aside the decree of F. as a cloud upon his title without showing affirmatively that F. had no claim on the property, or any right to subject it, or any part of it; and as the findings do not show any particular description of the aqueducts, flumes, cabins, etc., their value, nor the value of the materials furnished, nor that F.'s claim was solely for furnishing materials for building the cabins, flumes, etc., the Court cannot pass on the question of F.'s lien.

*Query:* Whether a flume is a " superstructure " within the Mechanic's Lien Act of 1856.

Appeal from the Fifth District.

The facts appear in the opinion of the Court. The suit was against Fordyce and the Volcano Water and Mining Company. The Court below held that Fordyce had no lien on the property,

and that his decree for a lien was a fraud upon plaintiff and consti-
tuted a cloud upon his title ; and therefore annulled and set aside
said decree so as to remove the cloud.   Defendant Fordyce appeals.

*Robinson, Beatty & Heacock*, for Appellant.

*John Armstrong*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J.
concurring.

This was a bill filed by the respondent, asserting title to a certain
ditch in his possession, and praying that a pretended claim to it on
the part of appellant, defendant below, may be declared invalid.
This claim, the bill asserts, is fraudulent and void as against the
plaintiff.   The bill charges that Fordyce commenced an action
against the Volcano Water and Mining Company for a large sum
of money, to subject to sale the ditch of that name, including
aqueducts, flumes, culverts, dams, water gates, cabins and appur-
tenances, in enforcement of a certain lien alleged by him to be
taken and held against this property by virtue of the Act of April
9th, 1856, in reference to mechanic's liens.   Subsequently, a sale
was made of this property under judgment in favor of one Harris
against the Volcano Company.   This property was sold, and pur-
chased by one Siger ; and Head, the plaintiff below, regularly
redeemed it by force of a judgment rendered after this judgment
of Harris ; and, in due course, received a Sheriff's deed for
the premises, which was recorded.   That afterwards, and when the
Volcano Company had no interest in the property, the defendant
Fordyce recovered judgment in the suit first stated ; that one Rose,
the president of the company, colluding with and being interested
in the claim of Fordyce, procured or suffered this judgment in the
Fordyce suit for the sum of $8,000, which judgment directed the
sale and foreclosure of the property to satisfy the judgment and
enforce the lien therein declared.   The bill asserts, that the com-
pany were not indebted in this sum, and that the plaintiff had no
lien on the property for this amount.   The bill also charges that
Rose had no authority from the company to agree to judgment in
the proceedings before set out ; that Fordyce is about enforcing the

decree of foreclosure ; and that it is a cloud upon the plaintiff's title.

The answer denies the fraud and collusion ; and the finding of the Judge below is, that this charge in the bill was unfounded in this respect.

Two main questions are made : Whether this bill will lie.    2. Whether the defendant, Fordyce, has any claim under his judgment to enforce his lien, as against the plaintiff in this action.

Apart from any charges of fraud, it would seem that the existence of a decree founded upon proceedings taken prior to the title of the plaintiff, and seeking to condemn the property by virtue of an asserted lien older than plaintiff's title, would be a cloud upon that title.   The statute giving this right of action to the party in possession, does not confine the remedy to the case of an adverse claimant setting up a legal title, or even an equitable title ; but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension.   The plaintiff has a right to be quieted in his title whenever any claim is made to real estate of which he is in possession, the effect of which claim might be litigation or a loss to him of the property.

2. There is no force in the point that the bill does not aver that plaintiff had no notice of these proceedings of Fordyce at the time of the purchase under the Harris judgment.   Such notice is not presumed.   Under our statute, the mere pendency of a suit does not charge the purchaser of the subject of it as a purchaser *pendente lite* at common law.   A notice of *lis pendens*, to have that effect, must be filed or appear of record ; and there is no pretense that this was done.   This point, however, is not very important ; for it seems to be assumed by the parties that the contract of Fordyce, relied on as giving him a lien on the property, was filed and recorded in pursuance of the Lien Law of mechanics, etc., of 1856 ; and if Fordyce acquired by this contract and its registry a lien, the judgment of Harris and the sale under it would not affect the lien.   We do not find in the record the contract set out from

which this lien is claimed. Among the findings is the statement that Fordyce filed his bill *claiming* that the property before described was subject to his lien, and praying and obtaining an enforcement of the lien ; but the contract is not set out, nor is there any finding of the facts recited in it ; nor is it shown that it was recorded ; nor are there any other facts stated in connection with the subject ; nor does it appear that the record of the suit of Fordyce was introduced in proof.

The plaintiff, in seeking to set aside this decree as a cloud upon his title to the property, must show affirmatively that Fordyce had no claim on the property, or any right to·subject it or any part of it. It seems that the property is described as a ditch, with aqueducts, flumes, cabins, reservoirs, etc. No particular description is given of the aqueducts, or the flumes, the cabins, etc., their value, etc. ; nor of the value of the materials furnished for the building of the flumes, cabins, etc. ; nor that the plaintiff's claim was solely for furnishing materials for building the cabins, flumes, etc.

The findings, therefore, are insufficient to enable us to pass on the question, whether Fordyce has any lien on the cabins, aqueducts, flumes, etc. It is enough for the disposition of this case at present to say, that it is not shown that the decree of Fordyce is invalid as against the plaintiff's judgment. Whether a flume is a "superstructure," within the meaning of the Statute of 1856, or whether it is so under the circumstances of this case, we are unwilling to decide in advance of a case distinctly presenting the facts.

The judgment is reversed, and the cause remanded, that it may be fully tried, and such amendments of the pleadings may be had as the parties desire.

Ordered accordingly.