## JAMES CROOK v. WILLIAM K. FORSYTH.

Burden of Proof in Action to determine Adverse Claim. — In an action brought by one in possession of land, to try and determine an adverse claim set up by one out of possession, when the complaint avers that the defendant sets up an adverse claim without stating what it is, and the answer admits plaintiff's possession, and sets up the particulars of the defendant's alleged title, the burden of proof is cast upon the defendant.

New Trial when there is Conflict in Testimony. — A new trial will not be granted where there is a conflict in the testimony, and where there is a conflict in the testimony of the party applying for a new trial, it is the more fatal.

Appeal from the District Court, Twelfth Judicial District, City and County of San Francisco.

The complaint averred that the plaintiff was the owner and in possession of a lot of land in San Francisco, and that the defendant claimed some estate, title, or interest in it adverse to plaintiff, but that the claim was void and the defendant had no estate, or title, or interest in the land, and prayed that the defendant be compelled to set forth the nature of his claim, and that it be adjudged void, etc.

The answer admitted plaintiff's possession, and set up title in defendant, alleged to have been acquired by virtue of a Constable's sale to defendant's grantor, made by virtue of an execution issued on a Justice's judgment.

Plaintiff had judgment, and defendant appealed from an order denying a new trial and from the judgment.

The other facts are stated in the opinion of the Court.

*P. G. Buchan*, for Appellant.

*Tod Robinson*, and *J. R. Jarboe*, for Respondent.

By the Court, Shafter, J. :

A new trial was asked for below on the ground of the insufficiency of the evidence to justify the decision of the Court on the merits.

The burden of proof under the issues joined was upon the

defendant, and his testimony was so far inconsistent with itself that the Court, acting advisedly, could not, in our judgment, have come to any other conclusion than it did. There was a conflict in the testimony, and it was all the more fatal for being intestine.

Judgment affirmed.

Mr. Justice SANDERSON expressed no opinion.