# H. G. BLASDEL *et al.*, RESPONDENTS, *v.* HENRY WILLIAMS, APPELLANT.

ACTION TO QUIET TITLE—PRIMA FACIE CASE FOR PLAINTIFF—BURDEN OF PROOF. In an action to quiet title under section 256 of the Practice Act, where the allegations of the complaint, except that of adverse claim, are denied, mere proof of possession or title with possession does not make out a *prima facie* case or throw the burden of proof on defendant to produce his claim ; and a judgment for plaintiff in such case, with no evidence of the fact of an adverse claim by defendant, is erroneous.

PRACTICE ACT, SEC. 256. The possession of real property is the base upon which an action to quiet title under section 256 of the Practice Act is founded ; but it cannot be said that an admission or proof of the mere fact, which gives the right of action, establishes *prima facie* the cause of action.

PLEADING OF FACTS IN ACTION TO QUIET TITLE. In a complaint to quiet title it is not correct pleading to merely allege in general terms an adverse claim by defendant, its invalidity and that it is prejudicial to plaintiff, as that is a pleading of conclusions and not of facts ; but such a complaint, though defective, is sufficient, in the absence of a demurrer, as an attempt to state a cause of action.

Blasdel *v.* Williams.

IN ACTION TO QUIET TITLE PLAINTIFF MUST SHOW ADVERSE CLAIM. In an action to quiet title the plaintiff is as in other cases the actor; and, as the cause of action is the assertion by defendant of a claim to his prejudice, it devolves upon him to show such assertion of claim and that it is prejudicial to him, before the defendant can be called upon to move.

APPEAL from the District Court of the Third Judicial District, Esmeralda County.

This was an action brought by H. G. Blasdel and A. J. Pope to quiet their title to certain lodes or ledges of gold and silver bearing quartz, known as the Dolores, Potosi, Grant, Ætna, and Empire lodes, respectively, in the Wilson Mining District, Esmeralda County. The complaint, after alleging that plaintiffs have legal title and are the owners and in possession of the property, avers that defendant "claims an estate and interest in said real property adverse to the plaintiffs' right and a cloud upon their title; that said defendant has no legal interest or estate in said real property or any part thereof, or valid claim or title thereto; on the contrary defendant's claim is without right whatever and void," and closed with a prayer "that the defendant be required to exhibit and show the nature of his claim; and that the estate and interest claimed by said defendant be determined by the decree of this court, and declared and adjudged void and of no effect; and that the right and title of said plaintiffs be adjudged and decreed good and valid as against said defendant and for the costs of this action."

The answer "denies that plaintiffs have legal title or are the owners of or in the possession or entitled to the possession of the property mentioned and described in said complaint, or any part thereof; and denies that any claim of defendant to an estate or interest in said property, or any part thereof, is any injury to plaintiffs' right or cloud upon their title. Defendant further denies that he has no legal interest or estate in said property, or any part thereof, or

Blasdel *v.* Williams.

valid claim or title thereto, or that his claim is without right or void."

On the hearing plaintiffs introduced proof of possession and made some proof of title and then rested. The defendant introduced no evidence and submitted the case upon the claim that the proofs made were insufficient to maintain the action. The court below decided in favor of plaintiffs and signed findings, presenting as facts in the case, among other things, that the estate and interest claimed by defendant in the property described were a cloud upon plaintiffs' title and had no validity, but were destitute of right and void. Judgment for plaintiffs was entered in accordance with the findings; and a motion for new trial having been overruled, defendant appealed from the order and judgment.

*Mesick & Wood,* for Appellant.

I. No evidence whatever was presented by the plaintiffs in support of any of the allegations of their complaint, except that of their ownership and possession. It is conceded by all, that possession was all that was essential to be shown in respect of title; and other proofs, if any were made by plaintiffs upon that point, were superfluous. The defendant introduced no evidence whatever, but submitted the case upon the insufficiency of the proofs made by plaintiffs to maintain the material allegations of their complaint. The vital point then arose to be decided, upon which party rested the burden of proof in respect to the allegations of the complaint, denied by the answer, other than that of possession in plaintiffs. The plaintiffs contended that such other allegations which they, when the complaint was drawn, must have considered essential to their cause of action, could be sustained without proof; and such must have been the view of the court below when making the findings, inasmuch as specific findings of fact were made in accordance with such other allegations of the complaint, and were made admittedly

without one syllable of proof in support of them. The defendant on the other hand contended that those other allegations of the complaint were indispensable to the cause of action, and that findings in support of these allegations were indispensable to recovery, and that such findings ought not to be made and could not be sustained in the absence of all proof whatsoever of the facts found.

II. The facts constituting the cause of action must be pleaded and proven now, as before the existence of the code. Section 256 of the Practice Act merely confers a right of action without undertaking to go farther. If it be possible to make any distinction between cases under this section, and cases not under it where the interference of a court of equity is sought to relieve the owner of real property from an assault upon his title, then this is not a case under the statute. In the case there provided for the right of action is made to depend upon actual possession by the plaintiff, while in this case title is also put forth as the basis of the right as always required to be done in the classes of cases referred to. And the same may be said of all the other averments of the complaint which are denied by the answer. Unquestionably in such case a plaintiff must take the consequences of proving his averments when denied, and cannot shelter himself under the pretense that the statute permitted him to bring his case in a different form from that which he has adopted. The case of *Head* v. *Fordyce*, 17 Cal. 149, an action brought under a like section of the code of California to determine an adverse claim to a ditch, is exactly in point and decisive of this case. See also *Hibernia Savings and Loan Society* v. *Ordway*, 38 Cal. 681. From an examination of these cases it will be seen that the point under consideration has been twice definitely and directly decided, as we claim it should be, by the supreme court of California, in *Head* v. *Fordyce* and *Bostwick* v. *McCorkle*, and that the

decision in *Hibernia Savings and Loan Society* v. *Ordway* necessarily leads to the same conclusion; and we may add that there are no decisions to the contrary.

In New York the decisions of the court of appeals are to the same effect, notwithstanding the rule of pleading according to the code may have been somewhat modified by the special provisions of the revised statutes concerning this class of actions. Voorhees' N. Y. Code, Sec. 449 and notes, 2 Revised Statutes, N. Y. (Ed. 1852), 573; *Crook* v. *Andrews*, 40 N. Y. 547 ; *Scott* v. *Onderdonk*, 14 N. Y. 9 ; *Mard* v. *Dewey*, 16 N. Y. 519; *Farnham* v. *Campbell*, 34 N. Y. 480; *Allen* v. *City of Buffalo*, 39 N. Y. 386; *Stansbury* v. *Arkwright*, 6 Simms, 481.

III.   All that has been done by the statute is to enlarge the classes of cases in which relief will be granted (17 Cal. 151,) leaving the matters of pleading, rules of evidence and burden of proof where they always were in that class of cases, when not specially controlled by statute.   There being no proof whatever in support of the allegations of the complaint or of the findings of the court in respect to the invalidity of our claim or its apparent validity or its operation or effect as against the title or possession of plaintiff's, the findings and the decree thereon cannot be sustained and the order appealed from should be reversed.

*Robert M. Clarke*, for Respondents.

I.   This is not an action to remove a cloud upon title, but to determine conflicting claims.   The actions are dissimilar in every substantial particular.   The former is a proceeding in equity by one holding the possession and legal title to annul an instrument valid on its face and raising an adverse title, but which is invalid by reason of facts not apparent on the face of the instrument.   2 Story Eq. Jur. Sec. 700; *Curtis* v. *Sutter*, 15 Cal. 262; 38 Cal. 680.   The latter is an action to

determine who has the better right to the property, and no higher claim than mere possession is required to support it. *Merced Mining Co.* v. *Fremont*, 7 Cal. 319; *Pralus* v. *G. & S. M. Co.* 35 Cal. 34. Since the action may be maintained upon naked possession and without title in either party, how can it be true that plaintiffs must show an apparently valid title in the defendant?

II.   The statute giving this right of action does not confine the remedy to the case of an adverse claimant setting up a legal title, or even an equitable title ; but the act intended to embrace every description of claim whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension. *Head* v. *Fordyce*, 17 Cal. 149; *Seligman* v. *Kalkman*, 17 Cal. 151. See also *Curtis* v. *Sutter*, 15 Cal. 263; *Low* v. *Staples*, 2 Nev. 213.

III.   In the action under the statute it is not necessary to set out the character of the defendant's claim. The sufficient and usual averment is that the defendant sets up and claims an estate and interest in and to the said premises adverse to the estate and interest of the plaintiff. Nash. Ohio Pl. & Pr. 662; 2 Estee Pl. p. 371; 1 Abbot Pl. 610; 7 Cal. 317; 30 Cal. 662; 35 Cal. 34; 38 Barb. 92. If unnecessary to plead, it is unnecessary to prove.

IV.   In an action to determine conflicting claims to real property, it is sufficient for the plaintiff to prove his possession and title. The burden is then cast upon the defendant to prove his title, and in the absence of proof of a better title in the defendant, the judgment must be for plaintiff. This is the universal rule. *Hall* v. *Kellogg*, 16 Mich. 135; *Barnard* v. *Simms*, 42 Barb. 304; *Burnham* v. *Onderdonk*, 41 N. Y. 426; *Horn* v. *Jones*, 28 Cal. 202; *Crook* v. *Forsyth*, 30 Cal. 662; *Sepulveda* v. *Sepulveda*, 39 Cal. 17. The cases cited by appellant of *Hibernia S. & L. Society* v. *Ordway*, 38

Cal. 680; *Bostwick* v. *McCorkle*, 22 Cal. 669; *Crook* v. *Andrews*, 70 Ills. 347; and *Allen* v. *The City of Buffalo*, 39 N. Y. 387, are not under the statute to determine conflicting claims, but in equity to remove a cloud upon the title and annul the instrument casting the cloud. The cases are wholly unlike, and the authorities therefore not in point.

V. Suppose defendant has no real interest, but claims to have one. Not having an interest, of course it is impossible to prove that any interest exists, much less that it casts a cloud; consequently, according to the theory of appellant, the defendant must prevail. The result would be that the more unfounded the defendant's claim, the more likely he is to succeed.

VI. Any adverse "claim, estate or interest" may be adjudicated, no matter what it is. Practice Act, Sec. 256. The degree or character of the claim is therefore immaterial, and since immaterial, it is not necessary to be shown clearly; it cannot be required that defendant have a valid adverse claim or interest; for if valid, it could not be annulled. *The admission of the defendant that he made some claim, makes a case that may be determined;* and since the asserted claim need not arise to the dignity of a title or even a valid claim, what the claim is must be unimportant and need not appear in the proofs. That this is true is conclusively shown by the next section of the statute, which permits the plaintiff to recover, in case the defendant disclaims any interest or estate by his answer.

By the Court, WHITMAN, C. J.:

This action is under the two hundred and fifty-sixth section of the Practice Act as follows: "An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an interest therein adverse to him, for the purpose of deter-

mining such adverse claim, estate or interest." Respondents proved their possession, made some proof of title, and rested; appellant declined to introduce any testimony; whereupon a decree for respondents, finding their title valid and the claim of appellant void. A motion was made for a new trial, upon the ground of insufficiency of evidence, in that "there was no evidence showing or tending to show what was the character or nature of any claim, title, estate or interest of defendant to the premises, either whether it was without right or void, or valid or legal, or an injury to plaintiff's right, or a cloud upon plaintiff's title, or otherwise." The motion was overruled; and from that order and the decree, this appeal was taken.

In ruling upon the motion the district judge took the ground, which is insisted upon by counsel here, that by proof of possession or title, respondents had made a *prima facie* case, and that therefrom the burden of proof attached to appellant, to produce and sustain his claim. Whether the statute be taken by itself and upon its own language, or whether it be considered as an extension of pre-existing remedy to a new class of cases, and an allowance to one in possession of realty to quiet his title thereto, as against one only making adverse claim or without previous trial at law, the conclusion must be the same, that the decision of the district court was error.

The statute gives a right of action to any person in possession of real property; this possession is the base upon which the action is founded. *Lyle* v. *Robbins*, 25 Cal. 437; *Sepulveda* v. *Sepulveda*, 39 Cal. 13. To say then that admission or proof of the fact which gives the right of action, establishes *prima facie* the cause of action, is a clear begging of the question. It is true that *Crook* v. *Forsyth*, 30 Cal. 662, holds that way, and that there are several other California decisions which apparently lean in the same direction; yet a little thought will expose the fallacy of the position.

Imprimis; one having possession of real property may bring an action to determine any claim, estate or interest therein adverse to him. Bringing the suit, he becomes the acting party; and it is necessary for him to show the court that he has a cause of action, and first after pleading his possession as his right to sue, he proceeds to declare an adverse claim. Now, a mere asserted claim is not necessarily an adverse claim; that, must be in some sort prejudicial to the party against whom it is asserted—a claim "whereby the plaintiff might be deprived of the property, or its title (be) clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension." *Head* v. *Fordyce*, 17 Cal. 151. Consequently to plead merely an adverse claim, is to plead a conclusion, not to state the facts for the information of the court. Having stated such facts as will tend to sustain his plea of adverse claim, it becomes the pleader to declare in like manner its invalidity; otherwise there is no object in the suit, as a claim by him confessed to be valid is not the subject of litigation. And it cannot be said that the pleader is improperly called upon to plead or prove a negative; for if the assertion of the invalidity of an adverse claim be a negative allegation, it is still one of the grounds of action, and its establishment is an essential element in the case, incumbent on the plaintiff. 1 Green. Ev. Sec. 78. Nor is he excused from such pleading or proof, upon the ground that the subject matter is peculiarly within the knowledge of the other party; for perforce the pleader must be informed as to the particulars of a claim, before he can pronounce it adverse, or be duly advised that he has cause of action. These things, which it is necessary to aver, it is equally necessary to prove; for these constitute the cause of action: without them there is none.

12

While the pleading suggested is the correct form, doubtless such a complaint as respondent's, which avers an adverse claim, its invalidity and prejudice in general terms, is sufficient in the absence of a demurrer; as it is an attempt to state a cause of action; and is simply a defective statement of such cause, rather than an absolute lack thereof. Still the proof must be made by the actor, and a moment's thought upon the relative rights and position of the parties, will make it evident that the plaintiff is the actor. A defendant in an ordinary suit is not to be brought into court, except upon cause of action against him; that cause under the statute here in question is the assertion of a claim to real property prejudicial to the plaintiff; certainly it devolves upon that plaintiff to show such assertion and its prejudicial effect, which can alone follow from a claim in semblance valid, in reality void. It is probable that the California decisions which look the other way, and which are based upon an identical statute with that of this State, were rendered upon the remembrance of the New York cases, without any critical examination. That might readily be the case as those have been relied on by the district court and respondent's counsel in the case at bar.

The New York statute differs from that of this State in the very material particular, that it places the burden of pleading and proof as to his claim upon the defendant in direct terms; and so advises him in the notice, which opens the proceeding, setting forth sundry matters and, among them, "that the person to whom such notice is directed unjustly claims title to such premises, and that unless such person appear in the supreme court within the time, and assert his claim in the manner provided by law, he and all persons claiming under him will be forever barred," &c. As to the assertion of claim it is provided, "If such person shall not appear and answer within forty days after the service of such notice, setting forth in his answer the title claimed by him

Blasdel *v.* Williams.

in such premises" then judgment may be taken. R. S. N. Y. 600. The New York Code declares that "proceedings to compel the determination of claims to real property, pursuant to the provisions of the revised statutes, may be prosecuted by action under this act, without regard to the forms of the proceedings as they are prescribed by those statutes. Sec. 449. After considerable wavering, this section is finally held to be merely cumulative and in no wise the statutory remedy. *Burnham* v. *Onderdonk*, 41 N. Y. 425. However that may be, it is upon the statute as quoted, that the decisions relied on have been made.

There is no analogy between this proceeding and an action under the statute of this State. The action granted by that statute must, no other procedure having been provided, be instituted and conducted as any other action, and the parties thereto must be governed by the same rules as parties to ordinary actions. By these rules the burden of proof must be fixed. That test imposes upon every plaintiff the duty to produce such evidence as will tend to sustain his cause of action, before the defendant is called upon to move. That, as has been heretofore shown, the respondents failed to do. This conclusion agrees with the only California case, in which the point has been fully raised, fairly considered, and made the turning point of a decision. *Head* v. *Fordyce*, 17 Cal. 149.

The order and judgment appealed from are reversed and the cause remanded.


By HAWLEY, J., dissenting:

Under the pleadings and proofs in this case as presented by the record, I think that the burden of proof was upon the defendant to prove his adverse claim. The answer admits that the defendant claims an estate and interest in the property adverse to the plaintiffs. The defendant's denial

of the averments in plaintiffs' complaint that "he has no legal interest or estate in said property or any part thereof, or valid claim or title thereto, or that his claim is without right or void," is equivalent to an affirmative allegation that he has a valid claim.

The statute, under which this suit was brought, was intended not only to extend the remedy, so as to allow a party having the possessory title to real property to bring an action to remove any cloud upon his title, but also to provide a new remedy for cases where a party out of possession claims an estate or interest in the property, adverse to the party in possession and injurious to his rights. It confers a jurisdiction beyond that ordinarily exercised by courts of equity to afford relief in the quieting of title and possession of real property. Under the statute it is not necessary to delay suit until plaintiffs' possession has been disturbed as in the action of ejectment. I think that the intention of the legislature in adopting this statute was to require the defendant, in actions like the one under consideration, to produce and prove his title in order that the claims of the respective parties to the property might be forever quieted and determined. This view of the case is fully supported by all the decisions in California bearing upon this question, rendered upon a statute identical with the statute of this State. *Merced Mining Co.* v. *Fremont,* 7 Cal. 319; *Curtis* v. *Sutter,* 15 Cal. 262; *Crook* v. *Forsyth,* 30 Cal. 662; *Pralus* v. *Pacific G. & S. M. Co.,* 35 Cal. 34; *Sepulveda* v. *Sepulveda,* 39 Cal. 17.

Burnett, J., in *Merced Mining Co.* v. *Fremont,* said: "If the holder of the adverse claim, out of possession, should delay bringing his suit, the party in possession can force him to produce his claim and submit it to the determination of the proper tribunal." Chief Justice Field, in delivering the opinion of the court in *Curtis* v. *Sutter,* said: "It is

sufficient if, whilst in the possession of the property, a party out of possession claims an estate or interest adverse to him. He can immediately, upon knowledge of the assertion of such claim, require the nature and character of the adverse estate or interest to be produced, exposed and judicially determined, and the question of title be thus forever quieted." The same views were expressed by the supreme court of the United States, in *Stark* v. *Starrs*, 6 Wallace, 410, relative to the statute of Oregon similar in its provisions to the statute of California. In *Crook* v. *Forsyth*, the complaint averred ownership and possession of the property in plaintiff and alleged that the defendant claimed an estate, title or interest in it adverse to plaintiff, but that the claim was void and the defendant had no estate, or title or interest in the land." The answer admitted plaintiff's possession and set up title in defendant. It was held by the court, Shafter, J., delivering the opinion, that "The burden of proof under the issues joined was upon the defendant." That case was, in effect, identical with the case at bar; for when the jury found that plaintiff was in the possession of the property, the question was presented to the court in the same light as if the defendant had admitted it in the pleadings. The case of *Head* v. *Fordyce*, 17 Cal. 151, is not in opposition to *Crook* v. *Forsyth*. The principles announced in *Head* v. *Fordyce*, when considered in the light of the facts therein presented, support the views I have expressed as to the object of the statute. That action was brought by the plaintiff to prevent the defendant from enforcing a decree of foreclosure, under a mechanic's lien, which it was averred was obtained by fraud and collusion and was a cloud upon the plaintiffs' title. Under this state of facts it was properly held, that " the plaintiff, in seeking to set aside the decree *as a cloud upon his title* to the property, must show affirmatively that Fordyce had no claim on the property, or any right to subject it or any part of it."

The right of action in all cases provided for in the statute may be founded upon the mere possession of the plaintiff. But the cause of action is often different. When the action is brought to remove a cloud upon the title, the cause of action consists in the invalidity of defendant's claim which is not apparent upon its face. In such actions it is undoubtedly true, that the facts, which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity ought to be stated in the complaint and proved by the plaintiff on the trial. But in other cases like *Crook* v. *Forsyth* and the one under consideration, the cause of action is the claim made by defendant of an adverse estate or interest in the property.

I consider the cases cited from New York, applicable to the case at bar. The prayer of plaintiffs' complaint, "that the defendant be required to exhibit and show the nature of his claim," is warranted by the statute and is, in effect, substantially the same as the statement in the notice required by the revised statute of New York. The case of *Barnard* v. *Simms*, 42 Barb. 308, was brought under that statute and it was therein, as here, contended that when a party was brought into court and made a defendant the plaintiff is bound to show that the defendant claims, or pretends to claim, such an interest as would constitute a cause of action under the statute. The court held that this was a misapprehension of the objects of the statute and said, "if the defendant has a title he is bound to produce and prove it." It was further held that the plaintiff was not required to show anything beyond his three years possession as provided for in the statute.

In my opinion, the judgment and decree of the district court was correct and ought to be affirmed.