[No. 3,661.]

## W. T. COLEMAN *v.* THE SAN RAFAEL TURNPIKE ROAD COMPANY, PETER K. AUSTIN AND ALEXANDER FORBES.

POSSESSION SUFFICIENT ON WHICH TO SUE TO QUIET TITLE.—If one who has a paper title to a tract of salt marsh tide land, which is not susceptible of occupation, except during three months in the year, and in which there is a dry knoll, has actual possession of the knoll, and there is no adverse possession to the remainder, he may resort to his title deeds to extend his possession to the remainder of the tract, so as to enable him to sue in equity to quiet the title.

IDEM.—One who is in actual possession of a small piece of dry land in a tract of salt marsh tide land, which is not susceptible of actual occupation, except for grazing during two or three months of the year, and who uses and controls the marsh land by himself and tenants, so far as the same is capable of use and control, may sue to quiet the title to the same, if there is no adverse possession, or his tenant may sue when the premises are thus held by him.

WHEN CORPORATION IS CESTUI QUE TRUST.—A bond given by the owner of land to a person, conditioned to convey the land to him in trust for the stockholders of a corporation and their successors in interest, in proportion to the amount of stock held by each, with power to the trustee to sell under the direction of the Board of Trustees of the corporation, makes the corporation the real *cestui que trust*, and, in equity, it will be so regarded.

POWER OF CORPORATION TO HOLD REAL ESTATE.—*Corporations for the construction of turnpike roads can hold only such real estate as the purposes of the corporation may require.*

IDEM.—Land which a corporation cannot hold in its own name, it cannot hold in the name of another, and when a corporation cannot hold the legal title to land, it cannot take a beneficial interest in it.

BOND TO CONVEY LAND TO CORPORATION.—A bond to convey to a corporation land which the purposes of the corporation do not require, is void.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

Action commenced on the 15th day of March, 1872, under the 254th section of the Practice Act, to quiet title to a tract of salt marsh swamp land, lying in Marin County, between the San Rafael Turnpike Road Company's road, and the highlands to the westerly and southerly of said road. The land was located by John Simms and John F. McCauley, under an Act of the Legislature of this State for the sale of salt marsh lands, and they obtained a certificate of purchase. The tract contained two hundred and twenty-four and fifty-one one hundredths acres.

In November, 1865, the San Rafael Turnpike Road Company was incorporated to construct a turnpike across the land from the shore of the bay to San Rafael. Simms was one of the movers in organizing the corporation, expecting that it would, by building the road, reclaim that portion of the marsh land in controversy. He, therefore, as an inducement to parties to subscribe to the stock of the company, executed, on the second day of May, 1866, the bond mentioned in the opinion of the. Court. The stock of the company was taken, and the road was built. The bond excepted from its operation a knoll of dry land in the tract, containing about fifteen or twenty acres. Patents for the land in controversy, along with other lands, were issued to

Simms and McCauley prior to the commencement of this action. In April, 1871, Simms and McCauley deeded all, the land described in their patents to the plaintiff, and the deed contained the following clause:

"This conveyance is made and accepted, subject to the condition of a bond made by John Simms to P. K. Austin, trustee, dated May 2, 1866, and recorded in the office of the Recorder of Marin County, on April 13, 1868."

On the 1st day of June, 1871, the plaintiff leased the premises in controversy, to be used as grazing land, for the term of six months. The dry knoll reserved from the operation of the bond was that of which the plaintiff, since his purchase, had *pedis possessio* as mentioned in the opinion. The plaintiff had judgment, and the Hon. WM. C. WALLACE, the District Judge, in his opinion, uses the following language:

"The first question arising is, had the plaintiff, at the commencement of this suit, such possession as will sustain this form of action. The defendants on this point cite *Sepulveda* v. *Sepulveda*, 39 Cal. 18.

"On this question the Court uses the following language, on p. 18: 'We proceed, therefore, to consider the character of possession established in the appellants by the proof. It appears that the premises in controversy are not enclosed nor cultivated. It is true that the sheep and horses of the appellant graze upon this land, not, however, under the control of herdsmen, but only roaming at large, together with stock of other persons, over the whole of the rancho San Vicente, of which the premises in controversy are a portion. We think that these facts do not show such a possession in the appellant as is required by the statute for the purpose of maintaining this action. That possession should be a *pedis possessio*, an actual occupation by himself or tenant, a subjection of the land to his will and control, to the exclusion of all other persons, such a possession as would enable him, with the deraignment of paper title, to maintain an action to eject a mere intruder thereon. We do not mean to be understood as holding now, where a *pedis possessio* of a portion of an entire tract of land is estab-

lished in a party, he might not, in such an action as this, resort to the title-deeds for the purpose of extending that possession to the boundaries of the tract as against the defendant, where no adverse possession in any part of the tract appeared.'

"This quotation includes all that is material to the present inquiry, and almost the entire decision upon the character of possession required to sustains this form of action I think the qualifying part of the opinion sustains the plaintiff's case. In this case the plaintiff 'being in the actual *pedis possessio* of a portion' of his purchase, 'can resort to the title-deeds for the purpose of extending that possession to the outer boundaries of the tract as against the defendant, when no adverse possession in any part of the entire tract appeared.' I think, according to the rule laid down in *Sepulveda* v. *Sepulveda* (39 Cal. p. 18), the plaintiff was in the possession of the land in controversy at the time of the institution of this action."

*E. B. Mahon*, for the Appellants.

*B. S. Brooks*, for the Respondent.

By the Court, RHODES, J.:

Action to quiet the title to a tract of "salt marsh" land. The Court found that the plaintiff is the owner of the premises in controversy; that he leased the same, together with other lands, for grazing purposes; that, since his purchase, he has been in the actual *pedis possessio* of a small knoll or mound surrounded by the salt marsh lands; that the lands were not actually occupied, or susceptible of occupation, except from about the 1st of September to the rainy season; that the plaintiff, ever since his purchase, has used and controlled the land through his tenants, so far as the same was capable of use and control; that it was not held by any one adversely to plaintiff, and that it was used and controlled, in connection with adjacent high land, by the plaintiff's tenants. The evidence tends to prove each of these facts; and these facts establish a sufficient possession,

within the rule laid down in *Sepulveda* v. *Sepulveda* (39 Cal. 18), to enable the plaintiff to maintain the action. The proof of these facts without the aid of a paper title would enable the plaintiff (or his tenant, while the premises were held by his tenant), to maintain an action of ejectment against an intruder.

The defendants set up a claim to the land under a bond executed by Simms to Austin in trust for the stockholders of the San Rafael Turnpike Road Company. The condition of the bond is that if Simms, "within sixty days after demand, and immediately succeeding the day upon which the said San Rafael Turnpike Road Company shall pay off in full the whole amount of the indebtedness of said company which had accrued and was due, and payable by said company on the 1st day of May, 1866, including the balance due Mr. Bates, * * * shall make, execute and deliver to the said Peter K. Austin, Trustee of said stockholders, a good and sufficient conveyance by deed in fee simple in trust for the sole use and benefit of each and all of the said stockholders in said company, known as the San Rafael Turnpike Road Company, and their successors in interest, in proportion to the amount of stock held or owned by each, with powers of sale, to sell and convey the same, under the direction of the Board of Trustees of said company, of all the interest, right, title, claim and demand of John Simms and John F. McCauley, in and to all that undivided half of the following described tract or parcel of land (describing the tract of land), then this obligation to be void," etc.

The plaintiff urges, among other objections, that the condition of the bond is in effect that Simms will convey the land to the Turnpike Company; that the Turnpike Company is incapable of taking the title to the property, and that the bond, in law, is therefore void. The *cestui que trusts* mentioned in the bond are the stockholders of the company and their successors in interest; and the interest to be taken by each is in proportion to the amount of stock held by him; and power is given to sell and convey the land under the direction "of the Board of Trustees of said company."

These terms of the bond leave no room for doubt that the company was intended as the real *cestui que trust*, and in equity the company will so be regarded. That a corporation possesses only such powers as are conferred by the law of its creation; that is to say, the powers enumerated and those which are necessarily implied, is a proposition of such universal recognition that it needs no argument in its support. It has become a maxim in the law of corporations. The Act providing for the formation of corporations, for the construction of turnpike roads, empowers them to hold such real estate as the purposes of the corporation may require. That is to say, such as may be necessary for the construction and maintenance of the turnpike road. There is no ground for saying that the land in question was necessary or proper for that purpose. Land which the company cannot hold in its own name, it cannot hold in the name of another. The rule is equally prohibitory in either case. Whenever the corporation cannot take the legal title to a tract of land, it cannot take the beneficial interest in it. We are of the opinion that this objection must prevail, and that the bond is thereby rendered void.

None of the points of defendants have any material bearing on the questions just considered, and need not be specially noticed.

Judgment and order affirmed.