MORRIS GOLDBERG, Appellant, v. THOMAS TAYLOR
ET AL., Respondents.

1. Possession of Part, Possession of Whole Lot.—One having title
to a whole-tract of land, and being in actual possession of a part thereof,
there being no adverse possession of any portion of the same, is, in con-
templation of the law, in the possession of the whole tract.

2. Possession of Part, Possession of Whole Lot.—When a party has
title to a lot in a city including any alley way, and has a building on all
of the same except such alley, there being no adverse possession of any
part thereof, has such a possession as to entitle him to maintain an action
to quiet title under section 254 of the Practice Act.

3. Section 254 of Practice Act Construed.—The words " claims on
estate or interest," in section 254 of the Practice Act, are used in a broad
sense, and are not technical in their meaning. They are evidently intended
to embrace every species of adverse claim set up by a party out of
possession.

Appeal from the Third Judicial District Court.

The facts appear in the opinion of the court.

*Bennett & Harkness*, for appellant.

The proof showed possession in the plaintiff. It consisted
of proof of title in fee, that he took possession of the lot and
shut up the alley. His possession was disturbed under the
adverse claim, but there was no ouster or adverse possession,
or claim of possession by the defendants. *Coleman* v. *Turn-
pike Co.*, 49 Cal. 517; *Sepulveda* v. *Sepulveda*, 39 Cal. 13;
*Pealus* v. *Jefferson*, 34 Cal. 558; *Hicks* v. *Coleman*, 25
Cal. 122.

The defendants denied they claimed the occupation, and set
up a claim to a right of way. The proof showed this was the
extent of their claims. The owner of such an easement has
only a right, no possession. Washburn on E. 3, 9, 15; *San
Francisco* v. *Calderwood*, 31 Cal. 585.

The owner of an easement (having only a right and no pos-

session) cannot maintain trespass or ejectment, but only an action on the case for a disturbance of the right. Washburn, 691; *Wood* v. *Truckee T. Co.*, 24 Cal. 474.

The owner of the fee may maintain trespass or ejectment against one who improperly uses the way. *Wood* v. *Truckee T. Co.*, 24 Cal. 474; *Pico* v. *Colimas et al.*, 32 Cal. 578; *Coburn* v. *Ames*, 32 Cal. 385.

The nature of the adverse claim alleged entitled the plaintiff to maintain the action. *Head* v. *Fordyce*, 17 Cal. 149; *Prabes* v. *Pacific Co.*, 35 Cal. 30.

The claim made by defendants was of an incorporeal hereditament of the law. Washburn, 15.

Plaintiff having proved possession, the burden of proof was on the defendants. *Scorpion S. M. Co.* v. *Marsano*, 10 Nev. 370; *Crook* v. *Forsyth*, 30 Cal. 662; *Horn* v. *Jones*, 28 Cal. 195.

The action differs from one to remove a cloud on title, where the possession of the plaintiff is immaterial, and where the plaintiff must take the burden of proof, and show the defendant has an apparently valid but really invalid incumbrance. *Hager* v. *Shindler*, 29 Cal. 47; *Lick* v. *Ray*, 43 Cal. 83; *Peir* v. *Fond du Lac*, 38 Wis. 470; *Savings & L. Society* v. *Ordway*, 38 Cal. 679.

*Marshall & Royle*, for respondents.

Plaintiff, in his brief, admits that it was necessary to prove possession. That actual possession is necessary see: *Curtis v. Sutter*, 15 Cal. 260; *Lyle* v. *Rollins et al.*, 25 Cal. 437: *Ferris* v. *Irving*, 28 Cal. 645; *Sepulveda* v. *Sepulveda*, 39 Cal. 13; *Rico* v. *Spense*, 21 Cal. 511.

All the foregoing were cases construing section 254 of the Practice Act. To break the force of these decisions plaintiff cites the cases we will now refer to.

In *Coleman* v. *Turnpike Co.*, 49 Cal. 517, the court comments on *Sepulveda* v. *Sepulveda*, 39 Cal. 13.

In the case in 49 Cal. the court find that a part of the land

was swamp land and not susceptible of actual occupation; that the plaintiff held and occupied, used and controlled the same as far as the land was susceptible of occupation, use or control, and the court say that was sufficient possession.

In *Sepulveda* v. *Sepulveda*, the court held that there should be "a *pedis possessio*—an [actual occupation by herself or tenant, a subjection of the land to her will and control, to the exclusion of all other persons—such a possession as would enable her, without the aid of a deraignment of paper title, to maintain an action to eject a mere intruder thereon."

In *Coleman* v. *Turnpike Co.*, 49 Cal., the court seems to indorse and hold to the foregoing test of actual possession, and say, referring to the fact that plaintiff held actual occupancy of all the land that could be occupied, and had used and controlled the swamp land, as far as it was susceptible of use or control: "The proof of these facts, without the aid of a paper title, would enable the plaintiff (or his tenant while the premises were held by his tenant) to maintain an action of ejectment against an intruder."

If the owner of the soil throws open a passage and neither marks, by any visible distinction, that he means to preserve all his rights over it, nor excludes persons from passing through it by positive prohibition, he shall be presumed to have dedicated it to the public. *Cincinnati* v. *White's Lessee*, 6 Pet. 440; affirmed, 10 Pet. 713; *Trustees of Watertown* v. *Cowen*, 4 Paige's Ch. 512; *Noyes* v. *Ward*, 19 Conn. 264.

Boreman, J., delivered the opinion of the court:

This is an action under section 254 of our Civil Practice Act, which authorizes such an action "by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate or interest." C. L. Utah, p. 477, § 479.

The complaint alleges that plaintiff is the owner of and in possession of a certain described lot of ground in Salt Lake

City, and that defendants set up an adverse claim to a strip thereof, eight feet front, and running back 214½ feet, as an alley way. The answer of defendants denies plaintiff's ownership and possession of said strip of ground, and as a defense set up a right of private way obtained by conveyance from Walker Brothers; and, as a further defense, claims that in 1858, the predecessors in interest of said plaintiff, as owner of said lot, dedicated the strip of ground to public use as an alley way.

Upon the trial in the court below, when the plaintiff had introduced his evidence and rested, he was, upon motion of the defendant, non-suited, and thereupon he has appealed to this court.

In order to determine whether or not the court below erred in non-suiting the appellant, it is necessary to ascertain what is required of a plaintiff to maintain such statutory action, and to see whether the appellant's allegations and proofs brought him within the requirements.

The statute prescribes that the action may be brought " by any person in possession, by himself or tenant." But whether this " in possession " applies to the whole of a tract, or only to such part thereof as may be in dispute, is left entirely to interpretation.

The old doctrine was that a party having the title to a whole tract, and being in actual possession of a part thereof, there being no adverse possession of any portion of it, was held to be in possession of the whole tract. We believe that this doctrine is fully recognized in the books and by the courts, and we do not think that any case to which our attention has been called contravenes it. The case of *Sepulveda* v. *Sepulveda*, 39 Cal. 13, is referred to by both appellant and respondents, as one in which the true rule was laid down. It was, however, not a case like the one at bar, yet it fully recognized the correct rule in its *dicta*. It was a case in which the plaintiff was not in actual possession of any part of the tract of land claimed, and the court declared that there must be an actual possession, but it did not say that the plaintiff must be

in actual occupancy of the whole tract. It in express terms rejects such an interpretation of the law; and says: " We do not mean to be understood as holding now that where a *possessio pedis* of a portion of an entire tract of land is established in a party, he might not, in such an action as this, resort to the title deeds for the purpose of extending that possession to the outer boundaries of the tract, as against the defendant, where no adverse possession in any part of the entire tract appeared."

This same doctrine is afterwards recognized in the case of *Coleman* v. *Turnpike Co.*, 49 Cal. 517.

Let us apply the rule to the case at bar. The appellant showed a fee-simple title to the whole tract or lot of ground, including the strip in dispute. The complaint alleged possession of the whole lot in the appellant, and the answer does not deny such possession, except as to the strip in question. The respondents do not claim, nor does the proof show them, to be in possession of any part of the lot. The evidence disclosed the fact that buildings occupied by the appellant covered nearly the whole of the lot, excepting the alley way, and that his improvements extended into the alley in the extreme rear, and that he had put a gate across the alley. The gate, however, did not remain beyond four or five days, having been cut down by respondent Taylor.

The pleadings and evidence together show that the alley way was left by appellant and his grantees for the use and convenience of the occupants of his buildings, but the same had been used by respondents in going into and out of their property, which bordered upon the alley way.

As, therefore, the appellant was at least occupying a large part of said lot, with title to the whole of it, including the alley way, and there was no adverse occupant of any part thereof, we consider that appellant's possession of the alley way was fully sufficient, so far as the question of possession goes, to authorize this action under the 254th section of our Civil Practice Act.

But it is urged that the appellant could not recover, unless he should show that respondents' claim was a cloud upon his title; that it was apparently valid but in fact invalid. We do not deem this to be a correct conception of the law that should govern in such cases. This is not the old chancery suit to remove a cloud from the title, nor is it controlled by all the rules that govern in such cases. It is a new and purely statutory right of action.

The respondents and appellant refer with equal earnestness to *Head* v. *Fordyce*, 17 Cal. 149, as being a case in which the true doctrine is announced. The court in that case says: " The statute giving this right of action to the party in possession, does not confine the remedy to the case of an adverse claimant setting up a legal title or even an equitable title, but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension. The plaintiff has a right to be quieted in his title whenever any claim is made to real estate of which he is in possession, the effect of which claim might be litigation or a loss to him of the property." This doctrine is approved in *Horn* v. *Jones*, 28 Cal. 194; *Joyce* v. *McAvoy*, 31 Cal. 287; *Lick* v. *Ray*, 43 Cal. 83, and in *Stoddard* v. *Burge*, 53 Cal. 394.

The words " claims on estate or interest " are used in a broad sense, and are not technical in their meaning, and were evidently intended to embrace every species of adverse claim set up by a party out of possession whereby the plaintiff's enjoyment of his property may be interfered with.

It is further urged that it devolved upon the appellant to prove the invalidity of the respondents' adverse claim. This is not contemplated by the statute, but the rule which governs in other cases governs in this, that wherever the defendant asserts an affirmative defense it devolves upon him to prove it.

Proof of possession by plaintiff is sufficient in the first instance, under section 254 of our Civil Practice Act. *Horn* v. *Jones*, 28 Cal. 198; *Scorpion S. M. Co.* v. *Marsano*, 10 Nev. 370; *Crook* v. *Forsyth*, 30 Cal. 662.

It is not necessary for us to pass upon the question as to want of findings, as the case is disposed of by the rulings upon the other points. We would suggest, however, that our statute and that of California are not identical, and that the rule in this Territory, therefore, might vary from that in the State referred to.

The judgment of the court below is reversed, with costs, and the district court directed to overrule the motion of respondents for non-suit of appellant.

