UNION MILL & MINING CO. v. WARREN et al.

(Circuit Court, D. Nevada. September 13, 1897.)

No. 636.

QUIETING TITLE IN FEDERAL COURTS—STATE STATUTES.

Under the statute of Nevada relating to actions to quiet title to real property, it is not necessary for the plaintiff, in bringing a suit in equity for that purpose in the federal court of Nevada, to set out specifically the character of his own title, or of the alleged title of the defendant, but it is always sufficient simply to allege that plaintiff is the owner and in possession of the property, describing it, and that the defendant is unlawfully asserting a claim thereto adverse to him.

This was a suit in equity by the Union Mill & Mining Company against George Warren and others to quiet title to certain lands in Nevada. The cause was heard on demurrer to the bill.

W. E. F. Deal, for complainant.
Robert M. Clarke, for defendants.

HAWLEY, District Judge (orally). This is a suit in equity to quiet title to certain lands and water situate in Storey county, Nev. The amended bill alleges that complainant is "the owner in fee, in the possession, and entitled to the possession, * * * of 320 acres of land," particularly describing it, "together with all the waters of Six-Mile Canon creek, flowing or to flow to, over, or through said land"; that the defendants claim an estate or interest therein adverse to complainant; that the claim of the said defendants, and each of them, is without any right whatever; that the said defendants, and each of them, has no estate, right, title, or interest whatever in said land or premises, or to said waters of said Six-Mile Canon creek, or any part thereof; that the claim of the defendants operates as and is a cloud upon the title of complainant to said land and premises, and to the waters of said Six-Mile Canon creek, and causes complainant irreparable injury, and defendants threaten to continue, and do continue, to set up and claim said title to said land and premises and to said waters, adverse to complainant. To this bill the defendants interposed a demurrer, upon the following grounds:

"(1) The bill of complaint does not state facts sufficient to constitute a cause of action. (2) The bill of complaint does not show that defendants have done or caused to be done any act or thing which casts a cloud upon the title of complainant to the land described in the bill of complaint. (3) The bill of complaint does not show that complainant has ever appropriated, or is the owner of, or has any right to or use of, the water of said Six-Mile Canon creek. (4) The bill of complaint does not show that defendants have appropriated or diverted, taken, or used the waters of said Six-Mile Canon creek, or any part thereof, or in any manner deprived complainant of the same, or the use thereof. (5) The bill of complaint does not allege or show the nature of defendants' claim, or what it is that constitutes the cloud."

This demurrer cannot be sustained. No authorities have been cited by counsel in its support. The allegations of the complaint are sufficient to constitute a cause of action to quiet title to the property in controversy. The statute of Nevada provides:

"An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse claim, estate, or interest."

Under these provisions, of themselves clear, the supreme court of this state has repeatedly held that it is not necessary for a plaintiff to set out specifically the character of his own title, or of the alleged title of the defendants; that it is always sufficient simply to allege that plaintiff is the owner and in possession of the property, describing it, and that the defendants are unlawfully asserting a claim thereto adverse to him. The only case that lends any support whatever to the views contended for by defendants' counsel is that of Blasdel v. Williams, 9 Nev. 161 (from which I dissented), which was directly overruled in Mining Co. v. Marsano, 10 Nev. 370, 378. See, also, Golden Fleece Gold & Silver Min. Co. v. Cable Consolidated Gold & Silver Min. Co., 12 Nev. 312, 320; Rose v. Mining Co., 17 Nev. 25, 52,

27 Pac. 1105. Numerous state decisions, rendered under statutes similar to the statutes of this state, have held such averments in the complaint to be sufficient. Curtis v. Sutter, 15 Cal. 259, 262; Head v. Fordyce, 17 Cal. 149; Rough v. Simmons, 65 Cal. 227, 3 Pac. 804; Wall v. Magnes, 17 Colo. 476, 480, 30 Pac. 56; Amter, v. Conlon, 22 Colo. 150, 43 Pac. 1002; Tolleston Club v. Clough (Ind. Sup.) 43 N. E. 647.

In Curtis v. Sutter, Mr. Justice Field, in delivering the opinion of the court, after stating that the statute of California (from which our statute was copied) enlarges the class of cases in which equitable relief could formerly be sought in quieting title, and that it authorizes the interposition of equity in cases where previously bills of peace would not lie, said:

"Under the statute of this state, it is unnecessary for the plaintiff to delay seeking the equitable interposition of the court until he has been disturbed in his possession, by the institution of a suit against him, and until judgment in such suit has passed in his favor. It is sufficient if, whilst in the possession of the property, a party out of possession claims an estate or interest adverse to him. He can immediately, upon knowledge of the assertion of such claim, require the nature and character of the adverse estate or interest to be produced, exposed, and judicially determined, and the question of title be thus forever quieted. It does not follow from the fact that the suit is brought in equity that the determination of questions purely of a legal character in relation to the title will necessarily be withdrawn from the ordinary cognizance of a court of law."

But the question is set at rest, so far as the national courts are concerned, by the decision of the supreme court of the United States in Ely v. Railroad Co., 129 U. S. 291, 9 Sup. Ct. 293. The averments in the complaint in that case are identical with this case in so far as they relate to the land. The prayers for relief are alike. The complaint in that case was demurred to, and the demurrer was sustained in the lower court, and affirmed by the supreme court of the territory of Arizona, upon the ground that the action must be treated as a suit in equity only, and that the complaint made out no case for equitable relief. The court shows that this ground would undoubtedly be correct in cases arising in states where the distinction between actions at law and suits in equity is preserved, but that it has no application in states where such distinction does not exist. The court then quotes the statute of Arizona, which is identical with the statute of this state, except it leaves out the qualification that the party, in order to bring the suit, must be in possession of the property. With reference to the sufficiency of the complaint under this statute, the court said:

"The manifest intent of the statute, as thus amended, is that any person owning real property, whether in possession or not, in which any other person claims an adverse title or interest, may bring an action against him to determine the adverse claim and to quiet the plaintiff's title. It extends to cases in which the plaintiff is out of possession, and the defendant is in possession, and in which, at common law, the plaintiff might have maintained ejectment. An allegation, in ordinary and concise terms, of the ultimate fact that the plaintiff is the owner in fee, is sufficient, without setting out matters of evidence or what have been sometimes called 'probative facts,' which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a dis-

claimer or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff. These conclusions accord with the decisions of the courts of California and Indiana under similar statutes, from one of which the present statute of Arizona would seem to have been taken. Payne v. Treadwell, 16 Cal. 220, 242–247; Statham v. Dusy (Cal.) 11 Pac. 606; Heeser v. Miller (Cal.) 19 Pac. 375; Railroad Co. v. Oyler, 60 Ind. 383, 392; Trittipo v. Morgan, 99 Ind. 269. The result is that the complaint in this case is sufficient to authorize the court to determine the claim of the defendants and the title of the plaintiff, and also, if the facts proved at the hearing shall justify it, to grant an injunction or other equitable relief."

In Mining Co. v. Kerr, 130 U. S. 256, 260, 9 Sup. Ct. 511, the court, in discussing the same question, said:

"The first issue to be determined is whether the complaint is sufficient to authorize the admission of evidence impeaching the validity of a patent, or to sustain a judgment annulling it. This question was directly presented in the case of Ely v. Railroad Co. (recently decided by this court) 129 U. S. 291, 9 Sup. Ct. 293. That was an action commenced in a territorial court under the statutes of that territory, almost literally the same as the statutes of Utah under which this action arose, and the prayer for relief was precisely the same in both complaints. The court held in that case that the 'rule enforced in the circuit and district courts of the United States, that a bill in equity to quiet title or remove clouds must show a legal and equitable title in the plaintiff, and set forth the facts and circumstances on which he relies for relief, does not apply to an action in the territorial court founded upon territorial statutes, which unite legal and equitable remedies in one form of action. The complaint in the present case, in compliance with the requirements of the practice act of Utah territory, states in concise language the two ultimate facts upon which the claim for relief depends,—that the plaintiff is in possession of the property, and that the defendant claims an interest therein adverse to him. These are sufficient to require the nature and character of the adverse claim on the part of the defendant to be set up, inquired into, and judicially determined, and the question of title finally settled."

It is deemed to be unnecessary to specifically notice the criticism of defendants' counsel as to the alleged ownership in fee to the waters of Six-Mile Canon creek, or to state what evidence it will be necessary for complainant to introduce in order to establish a right to the land and water. It is enough to say that the ultimate facts are sufficiently alleged. The demurrer is overruled.