UNION MILL & MINING CO. v. WARREN et al.

(Circuit Court, D. Nevada. September 13, 1897.)

No. 637.

INJUNCTION—THREATENED TRESPASS—SUFFICIENCY OF BILL.

A bill to enjoin the commission of a threatened trespass is sufficient, without alleging any overt act towards the invasion or destruction of complainant's rights, if it alleges threats to commit the trespass, and that it will be committed unless enjoined, and will cause irreparable injury to complainant.

W. E. F. Deal, for complainant.
Robert M. Clarke, for defendants.

HAWLEY, District Judge (orally). This is a suit in equity for an injunction to enjoin defendants, and each of them, from entering

into or upon complainant's land and premises, or any part thereof, and from taking, removing, or in any wise interfering with, the tailings and residues situate thereon, and from diverting or using, or in any wise interfering with, the waters of Six-Mile Cañon creek. The substantial averments of the amended bill of complaint are that the complainant is the owner in fee, in the possession, and entitled to the possession of 320 acres of land situate in Story county, Nev. (particularly described); that it is the owner, in the possession, and entitled to the possession and the exclusive right to all the waters of Six-Mile Cañon creek flowing or to flow over, through, and upon said land; that there are large deposits of tailings and residues from the working of ores containing gold and silver upon said land, which said tailings and residues were collected and saved by artificial means by the predecessors in interest and grantors of complainant for more than 15 years prior to the commencement of this suit; that the principal value of said land is, and consists of, the said tailings and residues; that the said defendants, and each of them, without any right, lay claim to a portion of said land (describing the portion), together with all said tailings and all deposits on said land, and also the exclusive right to the waters of Six-Mile Cañon creek; that said defendants, and each of them, threaten to enter into and upon complainant's land, and threaten to take, work, and reduce the said tailings and residues, and to take and use the waters of said Six-Mile Cañon creek for such purposes, and threaten to extract from said tailings and other residues the gold and silver contained therein, and to appropriate the same to their own use; that said defendants will, unless enjoined and restrained therefrom by the injunction of this court, take and use the waters of said Six-Mile Cañon creek for said purposes, and extract from said tailings and other residues the gold and silver contained therein, which, unless prevented by injunction, will work irreparable injury and wrong to complainant, and cause irreparable damage; that said defendants, and each of them, are insolvent, and wholly unable to respond in damages which will result from their wrongful and injurious acts. It further alleges the commencement of a suit against defendants to quiet the title to said lands and water rights. To this bill the defendants demur (1) upon the general ground that the complaint does not state facts sufficient to constitute a cause of action; (2) "it does not appear that defendants, or either of them, have taken or appropriated, or attempted to take or appropriate, any of the tailings and residues mentioned in the complaint, or that defendants, or either of them, have diverted, appropriated, or used, or deprived complainant of the use of, the water of said Six-Mile Cañon creek."

The first point of the demurrer is settled adversely to defendants in Mining Co. v. Warren (No. 636; just decided) 82 Fed. 519.

The contention of the defendants upon the second point is that, in order to entitle complainant to an injunction, it must first show that an actual trespass has been committed by the defendants upon its property; that there must be some overt act committed by the defendants towards the invasion into, or destruction of, the rights of the

complainant, independent of threats by word of mouth, before the extraordinary powers of a court of equity by injunction can be called into motion. Under ordinary circumstances, courts will not and should not grant an injunction to prevent a trespass. The exercise of this power requires caution, deliberation, and sound judicial discretion. It should never be extended except in cases of irreparable injury, when courts of law cannot afford adequate remedy. The right must be clear, the injury impending and threatened, so as to be averted only by the protective preventive process of injunction. It is not an essential prerequisite to an injunction to show that defendant is insolvent; but, to set the equity jurisdiction in motion, the injury must be irreparable, or the defendant insolvent, or the injunction be necessary to avoid a multiplicity of suits. In the present case it is alleged that the tailings, which have been accumulating for several years, contain gold and silver, and constitute the principal value of the land. The defendants threaten to work these tailings, and convert the gold and silver contained therein to their own use. This would necessarily be destructive of the estate, and work irreparable injury to complainant. It stands in the same category, as the extraction or removal of valuable ores from a mining claim, or coal from a coal mine, or the boring of gas wells on lands where gas exists, etc. In all such cases it is held that the acts committed or threatened, looking to the accomplishment of such purposes, work an irreparable injury to the complainant; that an action for damages is inadequate, because the damages could not be measured. In all cases where the mischief complained of is irremediable, and tends to destroy the substance of the property, an injunction will be granted in order that the property may be preserved from destruction. The reasons which apply to such cases are analogous to suits brought to restrain waste by enjoining the cutting down of trees which constitute the principal value of the land. It has been held in such cases that, in order to justify the issuance of an injunction, it must be alleged either that the defendant laid the ax at the root of the tree, or that he threatened to do it. 2 Madd. Ch. c. 281. The principle involved is similar in some respects to actions brought by a landlord against a tenant to restrain the commission of waste. In Tayl. Landl. & Ten. § 691, it is said:

"A landlord need not wait until waste is actually committed; for, if he ascertains that the tenant is about to commit any act which would operate as a permanent injury to the estate, the court will interfere and restrain him from doing such act. And whether he begins, or threatens, or shows an intention to commit waste, an injunction will be granted."

But coming more directly to the precise point involved herein are the following cases, which speak in clear language upon this subject, and show that the complaint in the present case is sufficient:

In Gibson v. Smith (decided in 1741) 2 Atk. 183, Lord Chancellor Hardwicke said:

"The plaintiff may certainly come into this court to restrain the defendant from opening the mines, even if he has only threatened to do it; nor is it necessary the plaintiff should have waited until the waste is actually committed."

In More v. Massini, 32 Cal. 592, 594, the second count of the complaint alleged that complainant was the owner of the land; that he was in possession; that the defendants threatened to enter thereon, and to quarry and remove asphaltum therefrom; and that they would do so unless restrained. The court, with reference to these averments, said:

. "The second count states a good cause of action. The gravamen is a threatened trespass upon land. The trespass is in the nature of waste, and it will be committed unless the defendant is restrained. Should the threat be fulfilled the plaintiff would be deprived of a part of the substance of his inheritance, which could not be specifically replaced. In the class to which this case belongs, no allegation of insolvency is necessary. The injury is irreparable in itself."

In Mining Co. v. Dodds, 6 Nev. 261, 264, the court held that a complaint which alleged that plaintiff was the owner and entitled to the possession of lands; that there were improvements thereon; that defendants were in possession, and threatened to destroy, and would, if not enjoined, destroy, such improvements; and that defendants were insolvent and unable to respond in damages,—was sufficient to support an order enjoining defendants from removing the improvements or committing waste. In High, Inj. § 18, it is said:

"The remedy by interlocutory injunction being preventive in its nature, it is not necessary that a wrong should have been actually committed before a court of equity will interfere, since, if this were required, it would in most cases defeat the very purpose for which the relief is sought, by allowing the commission of the act which complainant seeks to restrain. And satisfactory proof that defendants threaten the commission of a wrong which is within their power is sufficient ground to justify the relief."

The demurrer admits the allegations of the complaint, and if, upon the trial, the complainant proves the allegations contained in its bill to be true, it will be entitled to an injunction. The demurrer is overruled.